This is a child custody case.
This case arose when the Baldwin County Juvenile Court issued a juvenile pickup order for fourteen-year-old Dennis Potter based on allegations that the child was being abused by his father.
On September 23, 1985 the Baldwin County Department of Pensions and Security filed a petition in the Juvenile Court of Baldwin County seeking to have Dennis Potter declared a dependent child. Also on September 23, 1985 Leon and Mable McGhee, grandparents of Dennis and Donnie Potter, filed a petition in the juvenile court seeking custody of Dennis and Donnie. On this same day and after a hearing, the juvenile court, although not making a specific finding that the children were dependent, awarded the temporary custody of the children to their grandparents, Leonand Mable McGhee. Based on the petitions asking that the children be declared dependent and the court's award of the children's temporary custody to persons other than the parents, we conclude that implicit in the court's temporary disposition of the children is a finding that the children are dependent. See, Phillips v. AlabamaDepartment of Pensions Security, 394 So.2d 51 (Ala.Civ.App. 1981). There was no appeal from this order.
On December 11, 1985 John and Iris Quates, the boys' maternal grandfather and step-grandmother, filed a petition asking the Juvenile Court of Baldwin County to once again declare fourteen-year-old Donnie a ward of the court and award custody to them. On March 17, 1986 the juvenile court entered an order awarding temporary custody of Dennis Potter to the Quateses and awarding temporary custody of Donnie to the Baldwin County Department of Pensions and Security, now Department of Human Resources (DHR). The court maintained jurisdiction to issue further orders.
On May 21, 1986 the attorney for the boys' parents gave notice of appearance in the case and filed a motion for findings of fact and conclusions of law, apparently pursuant to Rules 52(b) and 52(dc), and Rule 1, Alabama Rules of Juvenile Procedure. An order was entered on June 30, 1986 by the juvenile court amending its original decree of March 17, 1986. The amended order placed Dennis in the temporary custody of John and Iris Quates and placed Donnie in the temporary custody of DHR. Therefore, the amended order basically provided for the same disposition as the court's order dated March 17, 1986.
From the amended order the parents, James and Janice Potter, appeal and raise numerous contentions of error dealing with procedural, evidentiary, and constitutional issues regarding the conduct and disposition of the hearing and order dated September 23, 1985 and the hearing and order dated March 17, 1986.
We note, however, that, notwithstanding the numerous contentions raised by the parents, the dispositive issue in this case deals with whether the parents filed timely notice of appeal from the juvenile court to this court. DHR argues that the appeal is untimely and should be dismissed. As previously stated, the juvenile court first heard the case in September 1985 and then held a subsequent hearing on March 17, 1986. The record does not readily reflect whether the court first determined the children were dependent in its September 1985 hearing or its March 17, 1986 hearing. However, the record does indicate that, at the very latest, dependency was established by March 1986. The court also held a dispositional hearing on March 17, 1986. During the March 17 dispositional hearing, the court placed one of the children in the temporary custody of the maternal grandmother and step-grandfather. The other child was placed in the temporary custody *Page 192 
of DHR. § 12-15-65(g), Code 1975. The record reveals that the parents filed notice of appeal to this court on July 11, 1986, almost four months after the juvenile court's March 17 temporary order of custody.
This court has held that timely notice of appeal is a jurisdictional act, and that the failure to file notice of appeal within the prescribed time requires the appeal be dismissed ex mero motu. Rudd v. Rudd, 467 So.2d 964
(Ala.Civ.App. 1985); see also, Rule 4, A.R.A.P. The Alabama Rules also specifically provide that notice of appeal from juvenile courts shall be filed within fourteen days of the final judgment, order, or decree appealed from. Rule 28(C), Alabama Rules of Juvenile Procedure. Therefore, unless the notice of appeal in the present case was filed within fourteen days of the juvenile court's order, this court will be precluded from addressing the procedural, constitutional, and evidentiary issues raised by the parents.
The pivotal question in the determination of whether timely notice of appeal was filed concerns whether the juvenile court's March 17, 1986 order constituted a final order for purposes of appeal.
The comments to Rule 4 of the Alabama Rules of Appellate Procedure specifically provide:
 "The third sentence of subdivision (a) is intended to eliminate the confusion resulting from multiple 'final' orders or decrees or judgments. . . . However, this rule is not intended to affect final judgments in situations such as domestic relations cases which are final in the sense of concluding the litigation, yet subject to modification based on changed circumstances."
Rule 4, A.R.A.P., and committee comments thereto.
In Morgan v. Lauderdale County Department of Pensions Security, 494 So.2d 649 (Ala.Civ.App. 1986), we held that a similar type order to the one in the case at bar was an appealable order. The March 17, 1986 order being an appealable order, the parents should have filed their notice of appeal within fourteen days of such order. This was not done.
The first postjudgment motion filed by the parents was on May 26, 1986 and the court ruled on this matter on June 30, 1986. The motion was filed obviously more than fourteen days after March 17, 1986 and, thus, did not toll the time for an appeal. Moreover, the motion to amend the March 17, 1986 judgment was filed more than fourteen days after the March order, hence the amendatory order is a nullity because the juvenile court had lost jurisdiction to amend the March order. See, Rule 1, A.R.J.P. The amendatory order being a nullity, the notice of appeal should have been filed within fourteen days of the March 17 order. It was not; consequently, the appeal must be dismissed.
Finally, we emphasize that this opinion does not alter or affect the trial court's jurisdiction to change or modify custody in this matter. The parents, therefore, may properly file a petition to seek custody of the children at any appropriate time.
APPEAL DISMISSED.
WRIGHT, P.J., and HOLMES, J., concur.