BOWEN, Presiding Judge.
This case involves a petition for writ of mandamus filed in this Court. The petitioner, Mark Allen Ropchock, seeks to compel the circuit court of Baldwin County to order the municipal court of Robertsdale to docket his appeal from that court.
Pursuant to Rule 21, Alabama Rules of Appellate Procedure, this Court ordered a response from the municipal court of Robertsdale, which the petitioner had designated as the “respondent-defendant.” The respondent, for the most part, agrees with the facts stated by the petitioner. The undisputed facts are:
June 25,1986 Petitioner convicted in the municipal court of Robertsdale for driving under the influence of alcohol. Appeal bond set at $500.
July 9,1986 Petitioner filed a motion for a judgment of acquittal pursuant to Rule 12.3, Temporary Alabama Rules of Criminal Procedure. Motion denied that same date.
July 17,1986 Petitioner filed notice of appeal with municipal court and demanded a trial by jury in the circuit court Petitioner’s attorney delivered a trust check in the amount of $500 to the city clerk for the appeal bond.
July 24,1986 By letter, the city clerk returned the $500 check because “[t]he Motion for Appeal... has been determined improper by [municipal court] Judge Brackin, since the appeal bond was not signed.” The letter also stated,
“There will be a warrant issued for Contempt (non-payment).”
*856 July 30,1986 The petitioner filed a petition for writ of mandamus with the circuit court seeking to compel the reinstatement of his appeal from the municipal court.
November 3,1986 An evidentiary hearing was held in the circuit court.
February 26,1987 Petition denied.
March 19,1987 Petitioner filed a “motion to reconsider.”
April 15,1987 Motion to reconsider denied.
June 8,1987 Petition for writ of mandamus filed in Court of Criminal Appeals.
Municipal Court Judge Julian B. Brackin, Jr., testified at the evidentiary hearing that, although he did not have “firsthand knowledge,” it was his “understanding” that the appeal bond had never been executed by the petitioner or defense counsel or “anybody else.”
The respondent, in his answer to the petition, argues that the petitioner failed to give bond “conditioned upon the defendant’s appearance before the Circuit Court” as required by Alabama Code 1975, § 12-14-70. He also contends that mandamus is not the proper remedy and that the petitioner should have appealed the ruling of the circuit court. We agree with this last contention.
“Appeals may be taken to the appropriate appellate court from the judgment of the circuit court on application for writs of ... mandamus ... as provided by the Alabama Rules of Appellate Procedure.” Alabama Code 1975, § 12-22-6. See also § 6-6-641. A judgment dismissing a petition for writ of mandamus is appealable. Brown v. Spencer, 292 Ala. .66, 69, 288 So.2d 781 (1974); Black v. Wilson, 281 Ala. 6, 7, 198 So.2d 286 (1967).
Mandamus is an extraordinary remedy and cannot be used as a substitute for appeal. Ex parte Army Aviation Center Federal Credit Union, All So.2d 379, 381 (Ala.1985); Ross v. Luton, 456 So.2d 249, 254 (Ala.1984); Ex parte Nice, 407 So.2d 874, 879 (Ala.1981). Here, the petitioner has not alleged that an appeal would not have provided an adequate remedy. Ex parte Furnace & Corrosive Services, Inc.; 418 So.2d 891, 893 (Ala.1982). j
Under certain circumstances, corani nobis may provide a remedy for the improper denial of a defendant’s constitution; al right to appeal. Dawson v. State, 480 So.2d 18, 19 (Ala.Cr.App.1985).
Consequently, the petition for writ of mandamus is denied.
PETITION FOR WRIT OF MANDAMUS DENIED.
All Judges concur.