INGRAM, Judge.
This is an appeal from a judgment of the trial court entered after a dispositional hearing held pursuant to Ala.Code 1975, § 12-15-65(f). After an ore tenus hearing, *712 the trial court found that the parents had not obtained the required counseling in order to regain custody of the minor children at this time. Further, the court transferred temporary legal custody of the younger child, Donnie, from the Department of Human Resources (Department) to the maternal grandfather and step-grandmother (grandparents). Temporary legal custody of the older child, Dennis, had already been placed with the grandparents, and both children had been in the physical custody of the grandparents. The parents appeal.
We would note that this matter has previously been before this court. For a complete statement of the history of the case, see Potter v. State Department of Human Resources, 511 So.2d 190 (Ala.Civ.App.1986).
On appeal, the parents raise numerous procedural and evidentiary issues. However, we find the dispositive issue to be whether the trial court erred in changing the younger child’s custody from the Department to the grandparents.
At the outset, it must be remembered that the judgment from which this appeal was taken is one of disposition entered subsequent to the prior determination of dependency. Section 12-15-65(f), Ala.Code 1975, provides that:
“(f) In disposition hearings all relevant and material evidence helpful in determining the questions presented, including oral and written reports, may be received by the court and may be relied upon to the extent of its probative value, even though not competent in a hearing on the petition. The parties or their counsel shall be afforded an opportunity to examine and controvert written reports so received and to cross-examine individuals making reports.”
Here, the purpose of the dispositional hearing was to review the children’s status and to consider the petition for change of custody of Donnie from the Department to the grandparents.
The record in pertinent part clearly shows that the parents have failed to meet the requirements set up in order for them to regain custody of their children. They have refused to obtain the mental health counseling which was ordered for them in September 1985. There was evidence that the parents have started to talk with a minister. However, the record reveals that the minister is not licensed and has not received any specialized training in the area of mental health counseling.
Further, the record reveals that temporary legal custody of the older child is already with the grandparents. Additionally, both children have lived with the grandparents since June 1986, and have expressed that they are content living there. A social worker also testified that he had been in the grandparents’ home and was satisfied that there was no reason that the children should not stay there. He testified that they were given love, care, and a good home by the grandparents.
In view of the above, we find that the trial court did not err in transferring temporary legal custody of Donnie to the grandparents or in not returning custody of the children to the parents. This conclusion is further supported by the fact that the evidence was presented ore terms. Under such circumstances, the determination of the trial court is presumed correct and will not be set aside by this court unless it is so unsupported by the evidence as to be plainly and palpably wrong. Carter v. Jefferson County Department of Pensions & Security, 496 So.2d 66 (Ala.Civ.App.1986).
We emphasize that this is not a case where the parents’ rights have been terminated. The grandparents only have temporary custody of the children. The court found that the parents should be permitted visitation with the children.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.