This appeal is from a judgment of the juvenile court awarding temporary custody of a child to its natural father.
These proceedings were commenced on August 23, 1990 by the filing of a dependency petition in the Juvenile Court of Russell County, Alabama, alleging that a minor child, S.W.C., was being abused by his grandparents, B.W.C. and M.J.C., and their son, R.C. After a hearing, custody of the child was placed in the Department of Human Resources pending further hearings. After a second hearing, the court entered an order on August 29, 1990 awarding custody of the child to the grandparents, with certain conditions. On October 23, 1990 the grandparents filed a Rule 60(b), A.R.Civ.P., motion asking that they be relieved of the conditions of the August 29, 1990 judgment.
On September 14, 1990 the natural father, C.W., filed a petition seeking custody of his son. He had been adjudicated the father in 1982 and had been ordered to pay child support. On October 12, 1990 the *Page 580 
natural mother filed a petition seeking custody of the child.
On October 25, 1990 the trial court continued the grandparents' Rule 60(b) motion and the petitions of the mother and father to December 18, 1990 for hearing. On December 3, 1990 the grandparents filed a request for a jury trial.
After the hearing on December 18, 1990, the trial court denied the grandparents' Rule 60(b) motion and their request for a jury trial. The court then granted temporary custody of the child to his father with visitation to the mother. The trial court continued the mother's request for custody until the home study of the mother could be completed and filed with the court, at which time the court would make a permanent disposition of the child's custody.
The grandparents appeal pro se the December 18, 1990 order to this court. In their brief here the grandparents contend that the trial court erred in: (1) awarding custody of the child to his father, (2) denying their Rule 60(b) motion without a hearing, and (3) denying their request for a jury trial. However, we are unable to reach the merits of the pro se appeal because we believe the appeal to be premature.
In Sims v. Sims, 515 So.2d 1 (Ala.Civ.App. 1987), we said:
 "[T]emporary custody awards are generally intended to last until one of the parties petitions the court to modify the decree granting temporary custody. See, e.g., Willette v. Bannister, 351 So.2d 605 (Ala.Civ.App. 1977). Pendente lite orders, on the other hand, are generally entered only during the pendency of the litigation, and are usually replaced by a final order or decree which is entered at the end of the litigation. See, Farley v. Farley, 157 Ind. App. 385, 300 N.E.2d 375
(1973). Therefore, a pendente lite order, whether entered ex parte or after notice and hearing, clearly envisions a temporary disposition of custody pending a later final determination of the custody dispute. A second distinction that can be drawn between temporary custody awards and pendente lite awards lies in the manner by which the two orders may be reviewed. Temporary custody awards may be reviewed by appeal to the Alabama Court of Civil Appeals. See, § 12-22-2, Code 1975; § 12-3-10, Code 1975. The proper method of review for pendente lite orders, on the other hand, is by petition for writ of mandamus."
See also T.F.L. v. T.F.L., Jr., 580 So.2d 1359 (Ala.Civ.App. 1991).
In the case at bar, the mother and father did not file petitions for temporary custody of the child; rather, both parents sought an award of permanent custody and such was the issue before the trial court. At the hearing on December 18, 1990, the trial court continued its ruling on permanent custody and merely awarded temporary custody of the child to the father until such time as DHR could complete its home study of the mother. This was not in the nature of a final judgment on the issue; indeed, the court specifically stated that the order of temporary custody would be replaced with a final disposition of permanent custody after DHR submitted the findings of the home study.
Clearly, the trial court has not ruled upon the issue brought before it, i.e. the issue of permanent custody, and will not do so until all the evidence in support of the mother's custody petition is heard. Until such a ruling is made, all orders relating to the child's custody must be deemed pendente lite orders as defined by Sims.
Having decided that the temporary award of custody of the child to the father was a pendente lite order, we are required to hold that an appeal does not lie in this case. The only method of review of the temporary custody award to the father available to the grandparents is mandamus. The grandparents did not pursue this review method; consequently, the appeal must be dismissed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and *Page 581 
this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.