THOMPSON, Judge.
On June 9, 1994, Kenneth McGee’s minor daughter was injured when she attempted to open a window at a friend’s house. The daughter was treated at Providence Hospital for her injury. GFCA, Inc., sued McGee in the District Court of Mobile County, seeking payment of certain charges arising from the daughter’s medical treatment. In a separate action, also filed in the District Court of Mobile County, Anesthesia Services, P.C., sued McGee, seeking payment of certain charges incurred in the treatment of his daughter’s injuries.
The district court entered judgments in favor of GFCA and Anesthesia Services. McGee appealed both of those judgments to the Circuit Court of Mobile County. McGee’s appeal from the district court judgment in favor of GFCA was designated CV-97-1909, and the appeal from the judgment in favor of Anesthesia Services was designated CV-97-2051.
In the circuit court, McGee named numerous third-party defendants. In CV-97-1909, McGee filed complaints against the Alabama Medicaid Agency, the Mobile County Department of Human Resources, Leo Andrews, and Sheila Andrews. In CV-97-2051, McGee filed complaints against the Mobile County Department of Human Resources, Lisa Whatley, individually and as senior claims representative of State Farm Fire and Casualty Company, Sheila Andrews, and Leo Andrews. All of these third-party defendants filed answers in the circuit court.
Also in CV-97-2051, McGee filed a complaint against a party he designated as “Emergency Medicine Association, P.C., et al. Providence Hospital.” Emergency Medicine Association is not the same entity as Providence Hospital and is not an agent of Providence Hospital. Only Providence Hospital was served with process. There is no indication in the record that an entity entitled “Emergency Medicine Association, P.C.,” was served with process. On August 4, 1997, Providence Hospital filed an answer to McGee’s third-party complaint.
The circuit court consolidated the two actions on August 13, 1997. In late 1997, the court entered orders dismissing the Mobile County Department of Human Resources, Leo Andrews and Sheila Andrews, and the Alabama Medicaid Agency. Also in late 1997, the trial court entered summary judgments in favor of Anesthesia Services and GFCA; it also entered a summary judgment in favor of third-party defendant Lisa Whatley, both individually and as a representative of State Farm. McGee filed post-judgment motions as to all of those orders and judgments.
On January 15, 1998, McGee appealed from the orders of dismissal and the summary judgments. This court, on April 17, 1998, dismissed McGee’s appeal as being from a nonfinal judgment.
*477 On May 22, 1998, the trial court entered a summary judgment in favor of the remaining third-party defendant, Providence Hospital. On June 9, 1998, McGee filed a motion to alter, amend, or vacate the judgment entered in favor of Providence Hospital. The trial court denied that motion on June 25, 1998. On July 10, 1998, McGee filed a motion seeking a Rule 54(b), Ala. R. Civ. P., certification of the trial court’s judgment. The trial court denied that motion on July 17, 1998. On August 19, 1998, McGee filed a second motion to alter, amend, or vacate the judgment, or, in the alternative, for a Rule 54(b) certification of that judgment. The trial court denied that motion on August 27, 1998. On October 6, 1998, McGee filed notices of appeal as to the judgments in favor of Anesthesia Services, GFCA, and all of the third-party defendants except the Alabama Medicaid Agency.
Although the parties on appeal have not addressed any issue regarding the timeliness of the appeal, we note that jurisdictional issues are of such significance that an appellate court may take notice of them at any time, ex mero motu. Nichols v. Ingram Plumbing, 710 So.2d 454 (Ala.Civ.App.1998). “The timely filing of a notice of appeal is a jurisdictional act.” Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Potter v. State, Dep’t of Human Resources, 511 So.2d 190 (Ala.Civ.App.1986).
We note that Emergency Medicine Association was never served with process pursuant to Rule 4, Ala. R.App. P. McGee’s failure to serve Emergency Medical Association did not prevent him from proceeding to judgment as to the remaining defendants on whom process was properly served. See Rule 4(f), Ala. R. Civ. P. “A final judgment is an order that ‘conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.’ ” Lunceford v. Monumental Life Ins. Co., 641 So.2d 244, 246 (Ala.1994). In this case, the trial court’s orders as to all of the parties upon whom service had been obtained became final on May 22, 1998, when it entered a summary judgment in favor of the remaining third-party defendant, Providence Hospital. At that time, the rights of all of the parties who had been properly served were adjudicated.
Within the 30 days allowed by Rule 59, Ala. R. Civ. P., McGee filed a motion to alter, amend, or vacate the trial court’s May 22, 1998, final judgment. The trial court denied McGee’s motion on June 25, 1998. McGee had 42 days from the June 25, 1998, denial of his post-judgment motion during which to file a notice of appeal. Rule 4, Ala. RApp. P. Thus, McGee had until August 6, 1998, to file his notice of appeal.
McGee’s August 19, 1998, motion did not extend the time for appeal. The Supreme Court of Alabama has held:
“[I]f a party has his own post-judgment motion denied, the review of that denial is by appeal. The rules do not provide for a ‘motion to reconsider’ the denial of one’s own post-judgment motion.”
Ex parte Mutual Savings Life Ins. Co., [Ms. 1970424, May 22, 1998] — So.2d - (Ala.1998), citing Ex parte Dowling, 477 So.2d 400 (Ala.1985).
Because his notices of appeal were not filed until October 6, 1998, McGee’s appeals are untimely. “An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Rule 2(a)(1), Ala. R.App. P.
DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.