916 So.2d 622 (2005)
C.L.
v.
D.H.
2030791.
Court of Civil Appeals of Alabama.
June 17, 2005.
*623 Talitha Powers Bailey, Birmingham, for appellant.
Ann S. Derzis, Birmingham, for appellee.
PER CURIAM.
This appeal arises from a judgment in a dependency case in which the juvenile court awarded custody of Z.L.L. ("the child") to D.H. ("the maternal grandmother").
By agreement of the parties, in November 2002, the juvenile court awarded primary physical custody of the child to C.L. ("the mother"); at the same time the juvenile court awarded joint custody to the maternal grandmother. Four months later, the child's natural father was awarded standard visitation with the child.
On November 26, 2003, the maternal grandmother filed a petition in the juvenile court requesting primary physical custody of the child. In that petition the maternal grandmother alleged that the child had been in her physical custody for the 30 days preceding the filing of the petition for custody, that the child had been exhibiting behavioral problems at school, and that the mother had been acting in an erratic manner and might be abusing narcotic drugs.
The juvenile court conducted an ore tenus proceeding on May 7, 2004, on the grandmother's petition for custody. Witnesses testifying at that hearing included the maternal grandmother, the mother, the child's school principal, and the mother's aunt, father, brother, and cousin. Thereafter, on May 28, 2004, the juvenile court entered an order finding
"that there has been a material change in circumstances in the above styled case due to the fact that said mother has failed to attend a drug assessment as ordered by this court, has not cooperated with [the Department of Human Resources (`DHR')] in keeping appointments, has exhibited uncontrollable anger at DHR, at the child's school and at *624 court, therefore this court finds that it is in the best interest of said child that his custody be awarded jointly to [the mother] and [the maternal grandmother] with primary physical custody placed with [the maternal grandmother]. [The mother] will have standard visitation with child as per the attached visitation schedule. Said mother shall submit to a drug assessment and random drug screens as arranged by DHR. Said mother to cooperate with DHR regarding any future ISPs [individualized service plans] and services that they may offer. DHR to remain in supervision of case. Due to the fact that mother has completed parenting classes, maintained employment for the past four years and maintained housing and transportation, this case is set for further review to consider transferring sole custody to the mother. Review is set on September 15, 2004."
The mother filed this appeal on June 2, 2004.
Although neither party has questioned our jurisdiction in this case, we first consider whether we have jurisdiction over this appeal. "`[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Nobles v. Alabama Christian Acad., 724 So.2d 527, 529 (Ala.Civ.App.1998) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). "A final judgment is one `that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.'" Wright v. Wright, 882 So.2d 361, 363 (Ala.Civ.App.2003) (quoting Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990)).
In this case, the question arises as to whether the juvenile court's May 28, 2004, order quoted above is a pendente lite order, and therefore nonappealable, because it specifically sets another hearing regarding custody to be held approximately four months later. We conclude that it is not a pendente lite order.
A pendente lite order is one made pending the litigation. See Ex parte J.P., 641 So.2d 276 (Ala.1994) (custody case); Rich v. Rich, 887 So.2d 289 (Ala.Civ.App.2004) (plurality opinion) (discussing the definition and nature of a "pendente lite" order in a custody case), quoted with approval in Hodge v. Steinwinder, [Ms. 2031060, February 4, 2005] ___ So.2d ___ (Ala.Civ.App.2005); and Trevino v. Blinn, 897 So.2d 358, 360 (Ala.Civ.App.2004) (Crawley and Murdock, JJ., dissenting) (relied upon in Hodge v. Steinwinder, ___ So.2d ___). It is an order made pending the adjudication of the existing case, i.e., the extant facts. Id.
It is true that the juvenile court entered a pendente lite order, but the order entered on May 28, 2004, was not it. The juvenile court entered a pendente lite order on January 9, 2004, awarding custody of the child pending the trial of the case. In that same order, the court set the trial for March 23, 2004. The court later reset the trial for May 7, 2004.
After the parties had had the opportunity to conduct appropriate discovery and otherwise prepare for trial, the court conducted the scheduled trial, received the evidence pertinent to the issue of the child's dependency, and heard the arguments of both parties. It thereupon found the child dependent and entered its May 28, 2004, judgment transferring primary physical custody of the child to the maternal grandmother. In so doing, it applied a "material-change-of-circumstances" standard, a standard for the change of permanent custody of a child.
The setting of the case for a "review" approximately four months later does not make the juvenile court's May 28 judgment *625 a pendente lite order. The juvenile court's judgment does not indicate that the purpose of the September 2004 "review" hearing would be to finish receiving evidence as to the extant facts as of May 2004. To the contrary, the record and the juvenile court's May 28 judgment fully indicate that it had already heard that evidence and was entering a judgment based thereon. Instead, the judgment indicates that the juvenile court would at its "review" consider a modification of the custody of the child based on whatever new facts might come into existence between the time the juvenile court entered its judgment on May 28, 2004, and the scheduled "review" on September 15, 2004. Cf. Hodge v. Steinwinder, ___ So.2d ___ (holding that the issue of the finality of an order in a child-custody case was controlled by the fact that the trial court's judgment was final as to the facts presented at trial and would only be modified in the event that new facts subsequently developed justifying a modification of that judgment).
In other words, the setting of the September "review" hearing was not a function of a need for the parties to complete the gathering and presentation to the court of the evidence of the facts already in existence. The court's expressed willingness to consider a change in the custodial placement of the child was made in contemplation of new facts  i.e., developments in the lives of the mother and the child and their relationship that might occur after the court entered its order.
Consistent with the general principles discussed above, orders such as the one at issue here have been held in dependency cases to be appealable. In Morgan v. Lauderdale County Department of Pensions & Security, 494 So.2d 649 (Ala.Civ.App.1986), the trial court entered an order dated February 17, 1984, adjudicating children to be dependent and awarding their temporary custody to the Department of Pensions and Security ("DPS"). Like the review contemplated by the juvenile court in this case (indeed, in most dependency cases), the case was periodically "reviewed" by the trial court (once on May 10, 1984 (approximately two months after the trial court's initial dependency adjudication), and again on November 21, 1984 (approximately six months later)). After each of those subsequent "reviews," the trial court entered an order finding that the child remained dependent and making a custodial disposition of that child until the next review hearing. As in the present case, the setting of those subsequent review hearings gave the mother an opportunity to improve herself or her condition and to regain custody of the children  i.e., to change the "facts" and present a "new case" to the court, not to present new evidence of already existing facts. As this court explained, each of "[t]he three 1984 judgments of the juvenile court which removed and maintained temporary custody of the children away from the mother [were] treated as appealable orders." Morgan, 494 So.2d at 651. See State Dep't of Human Res. v. R.E.C., 899 So.2d 251, 265 n. 16 (Ala.Civ.App.2003) ("the fact that the order was therefore `temporary' or `interlocutory' in the sense that it did not bring closure to the dependency proceeding does not prevent the order from being appealable"), rev'd on other grounds, Ex parte R.E.C., 899 So.2d 272 (Ala.2004); and Ex parte D.B.R., 757 So.2d 1193, 1195 (Ala.1998) (approving of this court's holding in Potter v. State Department of Human Resources, 511 So.2d 190, 192 (Ala.Civ.App.1986), "that a decision of a juvenile court finding that children were dependent and awarding temporary custody to the children's maternal grandparents and the state, constituted a `final judgment, order, or decree' for the purposes of *626 the rule giving parents 14 days from the entry of a `final judgment, order, or decree' in which to file a notice of appeal"). And well they should have been, for each of those orders constituted an adjudication of the mother's rights pending not the preparation of the case and the scheduling of the case for trial, and the unavoidable delay attendant to that process, but pending the passage of a fixed period of time set aside by the trial court specifically for the purpose of allowing different facts, to have an opportunity to develop. Cf. Hodge v. Steinwinder. Each of those orders was final as to that period of time and therefore was appropriately appealable.
We find distinguishable from Morgan and the present case the case of B.W.C. v. State Department of Human Resources, 582 So.2d 579 (Ala.Civ.App.1991). In Morgan, as in the present case, the mother's condition and circumstances were known at the time of trial, and all of the evidence available with respect to that condition and those circumstances was introduced to and considered by the juvenile court. In both Morgan and this case, it was only in contemplation that the mother's condition might change  i.e., that there would be some different set of facts for the trial court eventually to adjudicate  that the court set a further review hearing. In contrast, in B.W.C., the trial court did not have all of the information before it regarding the then current condition of the mother, and it was for that reason that the trial court "continued the mother's request for custody until the home study of the mother could be completed and filed with the court, at which time the court would make a permanent disposition of the child's custody." 582 So.2d at 580. As this court explained, the trial court in B.W.C. could not rule upon the issue before it "until all the evidence in support of the mother's custody petition [was] heard." 582 So.2d at 580. Further, in B.W.C., the trial court expressly declined to rule on one of the two custody requests pending before it. In the present case, the juvenile court already has ruled on the competing custody requests, denying one and granting the other.
Consistent with the well-established principle that an adjudication of dependency and an accompanying custodial placement of a child in a dependency proceeding is an appealable order, the juvenile court in the present case stated in its May 28, 2004, judgment that "any party may appeal this decision within 14 days." The juvenile court was right. We therefore proceed to consider this appeal on its merits.
As to the factors relied upon in the juvenile court's judgment, the mother argues on appeal merely that those factors "were not even in existence until ... well after [the maternal grandmother's] petition was filed" and "therefore could not have been the basis for the petition." Whether or not the factors cited in the juvenile court's judgment were in existence before or after the petition was filed, the question is whether those factors could properly have been the basis for the trial court's judgment. The mother does not argue, nor does she provide us any authority for the proposition, that "factors" that come into existence after a petition is filed, but before the trial court enters a judgment, may not be relied upon by the trial court. Nor does the mother argue that the juvenile court's findings as to those factors are not supported by the evidence. We will not make arguments for an appellant, nor do an appellant's research for him. McLemore v. Fleming, 604 So.2d 353, 353 (Ala.1992).
The judgment of the juvenile court is due to be affirmed.
AFFIRMED.
*627 CRAWLEY, P.J., and MURDOCK and BRYAN, JJ., concur.
THOMPSON, J., concurs specially, with writing.
PITTMAN, J., concurs in the result, with writing.
THOMPSON, Judge, concurring specially.
I write specially to remind the bench and bar that "temporary custody is actually permanent custody subject to change.... Semantically, [it] would be simpler if all courts declined to use the phrase `temporary custody' and simply used `pendente lite' or `custody' as the circumstances require." Ex parte J.P., 641 So.2d 276, 278 (Ala.1994).
PITTMAN, Judge, concurring in the result.
On the authority of Potter v. State Department of Human Resources, 511 So.2d 190 (Ala.Civ.App.1986), I concur only in the result to affirm. After considerable deliberation regarding the procedural posture of this case, I believe that the orders entered by the juvenile court are analogous to orders finding children dependent and awarding particular adults "temporary" custody as to those children, a class of orders that, under Potter, are deemed immediately appealable despite the near certainty of future "permanent" custody litigation in those cases.