CRAWLEY, Presiding Judge.
P.B. (“the father”) appeals from a pen-dente lite order entered in a dependency and custody dispute with P.C., the maternal grandmother (“the maternal, grandmother”) of the father’s 11-year-old child in this case, M.S.B. (“the child”). The maternal grandmother initiated this action by filing in the juvenile court on June 3, 2005, a petition seeking grandparental-visi-tation rights, pursuant to § 30-3-4.1, Ala. Code 1975.
The father and mother of the child in this case were previously married, but they divorced in 1997. The father was granted custody of the child, who was approximately three years old at the tirpe of the divorce. In 2002 the mother of the child died.
The maternal grandmother testified at a June 2005 hearing that for many years following the divorce of the child’s parents she was able to have a close relationship with the child. In 2004, however, the maternal grandmother’s visitation with the child ceased. Evidently, the cause of the abrupt end to the maternal grandmother’s visitation with the child involved the maternal grandmother’s being told in the summer of 2004, by the child, that her father had sexually molested her. Following the child’s statement to her, the maternal grandmother contacted the police, who in turn contacted the Alabama Department of Human Resources (“DHR”). That same day, a DHR caseworker contacted the maternal grandmother and told her to take the child to a hospital for an' examination. When the maternal grandmother did so, a DHR caseworker interviewed the child and a doctor examined the child. The maternal grandmother testified that the emergency-room doctor who examined the child found no physical evidence of sexual penetration and that the DHR caseworker did not believe the child had been sexually abused. .
The next day the maternal grandmother returned the child to the father by leaving her with the paternal grandmother. The maternal grandmother told the paternal grandmother about the child’s allegations of abuse and the ensuing investigation. In the following months, the father did not return the maternal grandmother’s telephone calls, and the child did not have any contact with the maternal grandmother.
In May 2005, a visit was arranged between the child and the maternal grandmother; during the visit, the maternal grandmother testified, she spoke to the child out of earshot from the father and paternal grandmother. According to. the maternal grandmother’s testimony, the child told her that she had told the truth about being abused.
At the June 2005 hearing, the father denied that he had abused the child, but he testified that the child had told him that she had told the maternal grandmother that he had sexually abused her. The father testified that he has not taken the child for any counseling after she made the allegations of abuse.
On July 31, 2005, the juvenile court determined that it lacked subject-matter jurisdiction over the proceeding and transferred the case to circuit court. The maternal grandmother then amended her petition to allege that the child was dependent. Based upon the maternal grandmother’s new allegations of dependency, the circuit court entered an order on November 9, 2005, transferring the case back to the juvenile court.
Finally, on December 14, 2005, a pen-dente lite hearing was held by the juvenile court. At the time of the hearing the *898 maternal grandmother again amended her petition to comply with § 12-15-50, Ala. Code 1975, by verifying the petition before a juvenile-intake officer. Following the hearing, on December 23, 2005, the juvenile court entered a pendente lite order stating, in part:
“The [guardian ad litem] spoke with the minor child; and after said conversation, disclosed that he did believe that the minor child had been sexually abused and a number of people’s names had been mentioned. He was unable to ascertain from the child specific details.”
(Emphasis added.) The juvenile court’s pendente lite order also included the following instructions:
“1. That the Child Advocacy Center is to investigate with the District Attorney’s office the allegations regarding sexual abuse of the minor child in this case.
“2. That the Marshall County Department of Human Resources (DHR) is to conduct home studies of the homes of the father, [P.B.], and the [maternal] grandmother, [P.C.].
“3. That the Executive Director of the Court Appointed Juvenile Advocate Program (CAJA) of Marshall County is to appoint a volunteer or volunteers to expeditiously conduct an investigation in this matter, and thereafter, report any and all findings and conclusions to this Court.
“4. That the [maternal] grandmother is awarded visitation with the minor child on the third weekend of each month from Saturday 9:00 a.m. until Sunday 6:00 p.m. with the exchange of the child to take place in the parking lot across the street from the Albertville Police in front of the Magistrate’s office.
“5. That the case shall be set on March 2, 2006, 9:00 a.m. for status hearing and review of compliance of the parties with the Court’s orders.”
The father filed a notice of appeal on January 3, 2006, appealing the juvenile court’s December 2005 pendente lite order; he subsequently petitioned this court for a stay of the December 2005 pendente lite order and a stay of a later May 2006 pendente lite visitation order. However, we are unable to reach the merits of this appeal because the father’s appeal is premature. The December 2005 pendente lite order requires several agencies to conduct investigations into this matter, and a status hearing and a review of the compliance of the parties had been set for March 2, 2006.
It is well-settled law that jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu. See, e.g., Pace v. Utilities Bd. of Foley, 752 So.2d 510, 511 (Ala.Civ.App.1999). “An appeal ordinarily will lie only from a final judgment — i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.” Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990). A pendente lite order is one made pending the litigation. C.L. v. D.H., 916 So.2d 622, 624 (Ala.Civ.App.2005).
As this court has stated before, whether to grant a pendente lite order is in the trial court’s discretion, and our review of the trial court’s exercise of such discretion is by way of a petition for the writ of mandamus, because a pendente lite order is not a final judgment. Sizemore v. Sizemore, 423 So.2d 239, 241 (Ala.Civ.App. 1982).
This appeal is from a nonfinal judgment. The underlying issues involved in this case have not been adjudicated by the juvenile court. The proper method of re *899 view of pendente lite orders is by a petition for the writ of mandamus. B.W.C. v. State Dep’t of Human Res., 582 So.2d 579, 580 (Ala.Civ.App.1991). The father has not sought a writ of mandamus in this case. Thus, this appeal must be dismissed. See B.W.C., 582 So.2d at 580 (dismissing an appeal from a pendente lite award of child custody); see also S.S. v. T.R.A, 716 So.2d 719, 720 (Ala.Civ.App. 1998) (stating that, because the father did not seek a writ of mandamus, his appeal must be dismissed).
Furthermore, we deny the father’s motion to stay the various pendente lite orders of the juvenile court.
MOTION DENIED; APPEAL DISMISSED.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.