G.B. ("the mother") and O.B. ("the father") (collectively "the parents") appeal from the January 30, 2006, orders — each one entitled "Order on Adjudicatory Hearing" — entered by the Baldwin Juvenile Court regarding the dependency actions involving their three minor children.
The record indicates that on November 12, 2005, the juvenile court issued an oral pickup order for the parents' three children. Then, on November 15, 2005, the Baldwin County Department of Human Resources ("DHR") filed separate petitions alleging that each child was a "dependent" child. See
§ 12-15-1(10), Ala. Code 1975. On that same day, the juvenile court entered a written pickup order confirming its oral pickup order issued on November 12, 2005.
Also, on November 15, 2005, the juvenile court appointed a guardian ad litem to represent the interests of the children and an attorney to represent the parents. The record indicates that the juvenile court held the 72-hour hearing required by § 12-15-60, Ala. Code 1975, on November 15, 2005, and that the parents were represented by counsel at that hearing. The record does not include a copy of a transcript from the 72-hour hearing. However, the record indicates that at the close of the 72-hour hearing the juvenile court issued an oral order that was confirmed in writing and filed with the court clerk on January 10, 2006.[1] The January 10, 2006, order, among other things, released custody of the children to the parents; ordered the parents to cooperate with DHR to schedule, develop, and implement an Individualized Service Plan ("ISP"); and ordered the mother to undergo a psychological evaluation. The January 10, 2006, order also indicated that the matter had been set for an "adjudicatory/disposition" hearing on January 9, 2006.
In late December 2005 — after the juvenile court issued its oral order regarding the 72-hour hearing but before it entered its written order on January 10, 2006 — the parents, proceeding pro se, filed two motions: one motion was styled as a "motion to dismiss based on lack of dependency status of [the] children[;] lack of jurisdiction by DHR and [the] courts[; and] request for appeal based on gross judicial error" and the other motion was styled as a "motion to dismiss supplement objection to additional gross judicial errors." In those motions, the parents alleged, among other things, that the juvenile court lacked subject-matter jurisdiction over the matter because, they claimed, there was no evidence indicating that the children were dependent. The parents also asserted that *Page 1118 
they were being persecuted for their religious beliefs. On January 9, 2006, the parents, proceeding pro se, filed a motion for sanctions against DHR. In their January 9, 2006, motion, the parents sought sanctions for a variety of alleged constitutional violations.
The record indicates that the juvenile court held an adjudicatory hearing on January 9, 2006, and that the parents "act[ed] as their own attorney together with their appointed co-attorney." The record does not include a copy of a transcript from the January 9, 2006, hearing. However, the record indicates that at the close of the January 9, 2006, hearing the juvenile court issued oral orders that were confirmed in writing and filed with the court clerk on January 30, 2006.[2] The January 30, 2006, orders, among other things, ordered that the children were to remain in the custody of the parents subject to certain restrictions and requirements set forth in those orders; that the parents were to cooperate with DHR in establishing an ISP for the children; and that the parents were to allow DHR to perform a home study on their home. In its January 30, 2006, orders, the juvenile court reserved the issue of dependency for "later adjudication" and stated that it would make a finding as to dependency at the time DHR reported back to the court the results of the home study on the parents' home.
The parents appealed to the Baldwin Circuit Court on January 24, 2006.[3] On appeal, the parents are proceeding pro se. On March 1, 2006, the circuit court entered an order transferring the appeal to this court. In its March 1, 2006, order, the circuit court found that the notice of appeal was timely filed[4] and ordered, among other things, that the juvenile court transcribe the juvenile-court proceedings. On April 3, 2006, this court received a joint letter, dated March 30, 2006, from the juvenile-court judge and the court reporter stating that the juvenile-court proceedings could not be transcribed because some of the parties and witnesses could not be heard on an audiotape of those proceedings; the juvenile-court judge recommended that the case be transferred to the circuit court for a trial de novo. On April 5, 2006, this court entered an order transferring the case to the circuit court for a trial de novo, pursuant to Rule 28(B), Ala. R. Juv. P.
On April 26, 2006, the parents filed a motion in this court requesting that they be permitted to proceed on appeal without a transcript. On April 27, 2006, this court entered an ordered stating, in part, that "[b]ased on the [parents'] motion to proceed on the clerk's record and [the parents'] statement that they do not request a transcript of the evidence, this Court's order of April 5, 2006, transferring this case to the [c]ircuit [c]ourt . . . for a trial de novo is hereby rescinded."[5] *Page 1119 
On June 12, 2006, the parents filed in this court three motions: (1) a "motion to subpoena juvenile court cassette tape recording of official trial held on January 9, 2006 according to Alabama Rule of Appellate Procedure Rule 14"; (2) a "motion to compel testimony and affidavit from Laura Parker (DHR social worker) and Heather Brown (DHR caseworker) certificate of service Alabama Rule of Appellate Procedure Rule 10(d) [sic]"; and (3) a "motion for contempt of court as penalty for willful non-compliance with these rules and sanctions against juvenile court typist Melanie Guy according to Alabama Rule of Appellate Procedure Rule 48." This court denied those motions on June 27, 2006, and the parents moved for a rehearing on July 7, 2006. On August 1, 2006, this court overruled their motions for a rehearing.
Recently, in P.B. v. P.C., 946 So.2d 896
(Ala.Civ.App. 2006), this court dismissed an appeal as being from a nonfinal judgment when the juvenile court in its order had instructed several agencies to conduct investigations regarding the dependency action and to report their findings back to the juvenile court. Notably, in that case the juvenile court had instructed the Marshall County DHR to perform home studies on the parties' homes. 946 So.2d at 898.
In P.B. v. P.C., this court stated:
 "It is well-settled law that jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu. See, e.g., Pace v. Utilities Bd. of Foley, 752 So.2d 510, 511 (Ala.Civ.App. 1999). `An appeal ordinarily will lie only from a final judgment — i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.' Bean v. Craig, 557 So.2d 1249, 1253 (Ala. 1990). A pendente lite order is one made pending the litigation. C.L. v. D.H., 916 So.2d 622, 624 (Ala.Civ.App. 2005).
 "As this court has stated before, whether to grant a pendente lite order is in the trial court's discretion, and our review of the trial court's exercise of such discretion is by way of a petition for the writ of mandamus, because a pendente lite order is not a final judgment. Sizemore v. Sizemore, 423 So.2d 239, 241 (Ala.Civ.App. 1982).
 "This appeal is from a nonfinal judgment. The underlying issues involved in this case have not been adjudicated by the juvenile court. The proper method of review of pendente lite orders is by a petition for the writ of mandamus. B.W.C. v. State Dep't of Human. Res., 582 So.2d 579, 580
(Ala.Civ.App. 1991). The father has not sought a writ of mandamus in this case. Thus, this appeal must be dismissed. See B.W.C, 582 So.2d at 580
(dismissing an appeal from a pendente lite award of child custody); see also S.S. v. T.R.A., 716 So.2d 719, 720 (Ala.Civ.App. 1998) (stating that, because the father did not seek a writ of mandamus, his appeal must be dismissed)."
946 So.2d at 898-99.
In the present case, in its January 30, 2006, orders, the juvenile court instructed DHR to perform a home study on the *Page 1120 
home of the parents, and the court reserved deciding the issue of dependency until the home study was completed and DHR reported back to the court the results of that home study.[6]
The underlying issues in this case, including a determination as to whether the children are dependent, have not been adjudicated by the juvenile court. Thus, the juvenile court's January 30, 2006, orders are pendente lite orders, and this appeal is from nonfinal judgments. The proper method of review of pendente lite orders is by a petition for the writ of mandamus. The parents have not sought a writ of mandamus in this case. Therefore, this appeal must be dismissed. P.B. v.P.C., supra (citing B.W.C. v. State Dep't of HumanRes., 582 So.2d 579 (Ala.Civ.App. 1991)); and S.S. v.T.R.A., 716 So.2d 719 (Ala.Civ.App. 1998).
APPEAL DISMISSED.
All the judges concur.
[1] The case-action summary indicates that the juvenile court issued an oral order regarding the 72-hour hearing on November 15, 2005; the January 10, 2006, written order stated that it was "issued and effective as of November 15, 2005, and confirmed this the 9th day of January, 2006."
[2] The January 30, 2006, orders staled that they were "issued and effective as of January 9, 2006, and confirmed this the 30th day of January, 2006." The parents filed their notice of appeal on January 24, 2006, before the juvenile court had entered the written orders on January 30, 2006.
[3] See note 2, supra.
[4] We note that Rule 4(a)(4), Ala. R.App. P., provides that "[a] notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after the entry and on the day thereof."
[5] We note that this court has previously held:
 "An appellate court does not presume error; the appellant has the affirmative duty of showing error. Perkins v. Perkins, 465 So.2d 414
(Ala.Civ.App. 1984). Appellate review is limited to the record and cannot be altered by statements in briefs. Bechtel v. Crown Central Petroleum Corp., 451 So.2d 793 (Ala. 1984). Error asserted on appeal must be affirmatively demonstrated by the record. If the record does not disclose the facts upon which the asserted error is based, the error may not be considered on appeal. Liberty Loan Corp. of Gadsden v. Williams, 406 So.2d 988
(Ala.Civ.App. 1981). Additionally, evidence presented to the trial court that is not preserved in the record on appeal is conclusively presumed to support the trial court's judgment. English v. English, 352 So.2d 454 (Ala.Civ.App. 1977)."
Greer v. Greer. 624 So.2d 1076, 1077
(Ala.Civ.App. 1993).
[6] The record contains no evidence indicating that DHR performed a home study on the parents' home; the record indicates that the parents were opposed to allowing DHR to perform the home study. Thus, the record contains no evidence indicating that DHR reported back to the court the results of any such home study. See Greer v. Greer, supra.