3 So.3d 842 (2008)
Ex parte A.S.
(In re L.S. v. A.S.).
1071104.
Supreme Court of Alabama.
August 15, 2008.
J. Barry Abston, Huntsville, for petitioner.
William K. Bell, circuit judge, as respondent.
SEE, Justice.
The Madison County Juvenile Court entered a pendente lite order granting L.S. ("the great-grandmother") temporary emergency custody of her 11-month-old *843 great-grandson ("the minor child"). The minor child's mother, A.S. ("the mother"), petitioned the Madison Circuit Court for the writ of mandamus seeking review of the juvenile court's order. The circuit court concluded that it lacked jurisdiction to consider the mandamus petition, and the mother then petitioned the Court of Civil Appeals for the writ of mandamus. That court dismissed the mother's mandamus petition as untimely filed.
The mother now petitions this Court for the writ of mandamus, asking us to review the decisions of the circuit court and of the Court of Civil Appeals, and to review other matters both pending before and already decided by the juvenile court. We deny the petition.

Facts and Procedural History
Three pleadings filed by the great-grandmother[1] and two orders entered by the juvenile court are at issue in this case.
On February 29, 2008, the great-grandmother filed a "Motion for Emergency Ex Parte Temporary Relief," in which she sought "emergency relief due to the dire circumstances which currently exist for the child." Petition at exhibit A. On March 13, 2008, the great-grandmother also filed a petition for custody seeking primary physical custody of the minor child ("the custody petition"). The Madison County Juvenile Court granted the great-grandmother's motion for emergency relief and entered an ex parte emergency pendente lite order on March 18, 2008, giving the great-grandmother emergency temporary custody of the minor child until the juvenile court could address the great-grandmother's custody petition. The mother was served with a summons, the petition, and the pendente lite order on March 24, 2008.[2]
On that same day, the great-grandmother petitioned the juvenile court for an "Order for Immediate Pick-up of Child" after the mother refused to allow the great-grandmother to retrieve the minor child from a neighbor who was temporarily watching the minor child. On March 27, the juvenile court entered a second ex parte order authorizing the great-grandmother to pick up the minor child.
On March 31, 2008, the mother petitioned the Madison Circuit Court for the writ of mandamus, challenging the ex parte orders entered by the juvenile court and asking that the great-grandmother's custody petition be dismissed because, the mother argued, it failed to invoke the jurisdiction of the juvenile court. The mother argued to the circuit court that there were "simply no allegations of sufficient gravity as to justify the entry of the [pendente lite] order" and, further, that the custody petition also should be dismissed because it "did not allege dependency or *844 any other allegation sufficient to invoke the juvenile court's jurisdiction." Petition at exhibit B. On April 8, 2008, the circuit court dismissed the mother's mandamus petition "for lack of subject matter jurisdiction." Petition at exhibit D.
The following day, the mother petitioned the Court of Civil Appeals for the writ of mandamus. She argued that the circuit court had erred when it dismissed her mandamus petition. She reiterated that the ex parte orders entered by the juvenile court had not been supported by allegations that justified the orders and that the great-grandmother's custody petition should have been dismissed because, the mother argued, it failed to invoke the limited jurisdiction of the juvenile court. On April 22, 2008, the Court of Civil Appeals, by order, dismissed the mother's mandamus petition as untimely, citing Ex parte Fiber Transport, L.L.C., 902 So.2d 98 (Ala. Civ.App.2004).[3]
The mother now petitions this Court for the writ of mandamus.[4] She argues, as she did below, that the ex parte orders entered by the juvenile court were unsupported by allegations that justified the relief granted and that the great-grandmother's custody petition should be dismissed because, the mother argues, it fails to invoke the limited jurisdiction of the juvenile court. She also argues that both the circuit court and the Court of Civil Appeals erred in dismissing her previous mandamus petitions.

Discussion

A. Standard of Review
"The writ of mandamus is an extraordinary legal remedy. Ex parte Mobile Fixture & Equip. Co., 630 So.2d 358, 360 (Ala.1993). Therefore, this Court will not grant mandamus relief unless the petitioner shows: (1) a clear legal right to the order sought; (2) an imperative duty upon the trial court to perform, accompanied by its refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the Court. See Ex parte Wood, 852 So.2d 705, 708 (Ala.2002)."
Ex parte Davis, 930 So.2d 497, 499 (Ala. 2005).
"`A decision of a court of appeals on an original petition for writ of mandamus or prohibition or other extraordinary writ (i.e., a decision on a petition filed in the court of appeals) may be reviewed de novo in the supreme court....'" Ex parte Sharp, 893 So.2d 571, 573 (Ala.2003) (quoting Rule 21(e)(1), Ala. R.App. P.). "If an original petition for extraordinary relief has been denied by the court of appeals, review may be had by filing a similar petition in the supreme court (and, in such a case, in the supreme court the petition shall seek a writ directed to the trial judge)...." Rule 21(e)(1), Ala. R.App. P. "Such review in the supreme court of a grant or denial must be commenced by filing the petition in the supreme court within fourteen (14) days of the grant or denial of the writ by the court of appeals." Rule 21(e)(2), Ala. R.App. P. The mother filed her petition for the writ of mandamus in this Court pursuant to Rule 21(e)(1) on May 6, 2008, 14 days after the Court of Civil Appeals had dismissed her petition. Thus, the mother's petition is timely, and we proceed to review de novo the decision of the Court of Civil Appeals.

*845 B. Analysis
In this case, the mother petitioned the Court of Civil Appeals for the writ of mandamus following the circuit court's dismissal of her petition. The Court of Civil Appeals, without an opinion, dismissed the mother's mandamus petition as untimely, citing in its order of dismissal Ex parte Fiber Transport, L.L.C., 902 So.2d 98 (Ala. Civ.App.2004). The mother argues that her mandamus petition in the Court of Civil Appeals was not untimely. However, even if the mother's mandamus petition in the Court of Civil Appeals was timely, we nonetheless conclude that the mother was not entitled to the writ because she did not demonstrate a "lack of another adequate remedy." Ex parte Davis, 930 So.2d at 499.
Although a petition for the writ of mandamus is a proper avenue by which to challenge a pendente lite order,[5] an appeal, not a petition for the writ of mandamus, is the proper avenue for challenging a circuit court's disposition of a petition for the writ of mandamus. See § 12-22-6, Ala.Code 1975 ("Appeals may be taken to the appropriate appellate court from the judgment of the circuit court on application for writs of certiorari, supersedeas, quo warranto, mandamus, prohibition, injunction and other remedial writs as provided by the Alabama Rules of Appellate Procedure...."). See also Ex parte Ropchock, 510 So.2d 855, 856 (Ala.Crim.App.1987) ("`Appeals may be taken to the appropriate appellate court from the judgment of the circuit court on application for writs of ... mandamus ... as provided by the Alabama Rules of Appellate Procedure.' A judgment dismissing a petition for the writ of mandamus is appealable.").
After the circuit court dismissed the mother's mandamus petition, she was entitled to appeal that decision under § 12-22-6, Ala.Code 1975. "It is well settled in this jurisdiction that mandamus will not lie when there is a remedy by appeal, and the writ cannot be used as a substitute for appeal." Echols v. Housing Auth. of Auburn, 377 So.2d 952, 953 (Ala.1979). Therefore, we conclude that even if the mother's petition for the writ of mandamus was timely, she was not entitled to the writ because she has not demonstrated a "lack of another adequate remedy." Ex parte Davis, 930 So.2d at 499.

Conclusion
For the foregoing reason, we deny the mother's petition for the writ of mandamus.
PETITION DENIED.
COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
NOTES
[1] The great-grandmother did not file a brief in response to the mother's petition in this Court.
[2] Section 12-15-153, Ala.Code 1975, provides:

"The court may enter a protection or restraint order on an emergency basis, without prior notice and hearing, upon a showing of verified written or oral evidence of abuse or neglect injurious to the health or safety of the child and the likelihood that such abuse or neglect will continue unless the order is issued. If an emergency order is issued, a hearing, after notice, must be held within 72 hours or the next judicial business day thereafter, to either dissolve, continue or modify the order."
See also K.S. v. G.A.B., 911 So.2d 1085, 1097 (Ala.Civ.App.2005) ("Both Ala.Code 1975, § 12-15-60(a), ... and Ala.Code 1975, § 12-15-153,... require a trial court to hold a 72-hour hearing when a child is summarily removed from parental custody."). The mother does not address these statutes, and she does not explain why she was not served with the pendente lite order until 6 days after it was entered or why, apparently, no hearing was held within 72 hours.
[3] In its order of dismissal, the Court of Civil Appeals provided only the bare citation to Ex parte Fiber Transport. In Ex parte Fiber Transport, the court noted that the time period for filing a petition for the writ of mandamus is not tolled by the filing of postjudgment motions and that the issue of timeliness of a petition for the writ of mandamus is dispositive.
[4] The mother's petition for the writ of mandamus was filed in this Court on May 6, 2008.
[5] "A petition for mandamus pursuant to Rule 21, Ala. R.App. P., and not an appeal, is the proper mechanism available to a party who deems himself or herself aggrieved by a pendente lite custody order...." Trevino v. Blinn, 897 So.2d 358, 361 (Ala.Civ.App.2004). See also G.B. v. State Dep't of Human Res., 959 So.2d 1116, 1119 (Ala.Civ.App.2006) ("`As this court has stated before, whether to grant a pendente lite order is in the trial court's discretion, and our review of the trial court's exercise of such discretion is by way of a petition for the writ of mandamus, because a pendente lite order is not a final judgment. Sizemore v. Sizemore, 423 So.2d 239, 241 (Ala.Civ.App.1982).'" (quoting P.B. v. P.C., 946 So.2d 896, 898 (Ala.Civ.App. 2006))).