The State of Alabama filed this petition for a writ of mandamus directed to Judge Ralph A. Ferguson, Jr., of the Circuit Court of Jefferson County.
On March 10, 1995, the State, on the relation of S.L., filed a child support petition against S.W. in the Juvenile Court, or Family Court, of Jefferson County. This petition asked the court to order S.W. to pay current child support and also retroactive child support. S.W. answered the petition and counterclaimed for custody of the child. The case was assigned to a referee, and on September 20, 1995, the parties met with the referee to discuss a settlement; however, this meeting took place without the presence of any representative of the Department of Human Resources. The parties reached a settlement, and the referee entered the following order: "On joint motion of the plaintiff and [the] defendant the case is dismissed. The motion to reimburse [the Department of Human Resources] *Page 1370 
is denied over objection of the State."
On September 25, the State requested a hearing before Judge Elise D. Barclay, of the District Court of Jefferson County; she granted the request. At that hearing, S.W. filed a motion to enforce the settlement agreement, and the district court granted that motion, without allowing the State to present evidence during the hearing. The State filed a motion for "reconsideration," which the court denied. The State then appealed under Rule 28(B), Ala.R.Juv.P., to the circuit court for a trial de novo.
The appeal was assigned to Judge Ferguson of the Jefferson County Circuit Court. However, on August 23, 1996, he transferred the appeal, pursuant to Rule 28(D), Ala.R.Juv.P., to the Court of Civil Appeals. Because there was no record of the juvenile court proceedings, the circuit court ordered the State to prepare a Rule 10(d), Ala.R.App.P., statement of the evidence. The State then filed with the Court of Civil Appeals a motion to transfer the case back to the circuit court for a trial de novo. The Court of Civil Appeals, without opinion, granted that motion on December 3, 1996, and returned the case to Judge Ferguson. State ex rel. S.L. v.S.W., 696 So.2d 1098 (Ala.Civ.App. 1996) (table).
However, instead of holding the trial de novo, Judge Ferguson, on December 18, 1996, entered an order transferring the appeal back to the Family Court of Jefferson County:[1]
"ORDER
 "PURSUANT to Rule 28(D) of the Alabama Rules of Juvenile Procedure, the Court, ex mero motu, is of the opinion that this cause should be transferred back to the Family Court of Jefferson County, Birmingham, Alabama.
 ". . . [T]he Clerk of the Court is directed to send all pleadings in this cause to the Family Court of Jefferson County, Birmingham, Alabama."
The State filed a motion to alter, amend, or vacate that order, which the court denied. On March 17, 1997, the State filed with the Court of Civil Appeals a petition for a writ of mandamus and a motion for an immediate stay; that court summarily denied the petition and the motion on March 18, 1997. Ex parte State ex rel. S.L. v. S.W., 696 So.2d 1098
(Ala.Civ.App. 1997) (table). The State renewed in this Court its petition for a writ of mandamus. See Rule 21(e)(1), Ala. R.App. P.
At issue here is whether Judge Ferguson erred in transferring the appeal back to the family court.
The State argues that it is clearly entitled to a trial de novo in the circuit court, under Rule 28, Ala.R.Juv.P. That rule reads:
"(A) Direct Appeal to Appellate Courts.
 "(1) Appeals from final orders, judgments or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
 "(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
 "(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions.
 "(2) If the appeal provided in this subsection is taken from a final order, judgment or decree in a case or proceeding arising out of the jurisdiction of the juvenile court over a child, as such term is defined in Section 12-15-1(3), Code of Alabama 1975, the appropriate appellate court for purposes of the appeal shall be (a) the Court of Criminal Appeals in proceedings in which a child is adjudicated delinquent and proceedings in which a motion seeking an order to transfer a child to the adult court for criminal prosecution is either granted or denied, and (b) the Court of Civil Appeals in any other case or proceeding.
 "(B) Appeal to Circuit Court. Appeals from final orders, judgments or decrees in *Page 1371 
all other cases, including those cases in which there is not an adequate record as provided by subsection (A) of this rule, shall be to the circuit court for trial de novo and the case shall be heard by a different circuit judge if heard by a circuit judge in the first instance in the juvenile court.
 "(C) Notice of Appeal. Written notice of appeal shall be filed within fourteen (14) days of the judgment, order or decree appealed from, whether the appeal is to an appellate court or to the circuit court for trial de novo.
 "(D) Transfer of Appeal. An appellate court or circuit court may transfer an appeal which it determines should have been transferred to or brought in another court to such other court.
 "(E) Stay of Order. An appeal pursuant to this rule shall not stay enforcement of the order, judgment, or decree appealed from; but the court to which the appeal is taken may order otherwise, if suitable provision is made for the case [sic] and custody of the child. If the order, judgment or decree appealed from grants the custody of a child to, or withholds it from one or more of the parties to the appeal, the appeal shall be heard at the earliest time practicable."
Rule 28(A)(1) provides for direct appeals to the appropriate appellate court. However, Rule 28(B) provides for situations where an appeal from the order of the juvenile court lies to the circuit court for a trial de novo, rather than to the Court of Civil Appeals or the Court of Criminal Appeals.[2] In this case, the Court of Civil Appeals retransferred this appeal to Judge Ferguson, pursuant to Rule 28(D), for a trial de novo in the circuit court.
Instead of holding a trial de novo, Judge Ferguson transferred the appeal back to the family court, from whence the appeal had come. However, it is axiomatic that a court cannot hear an appeal from a judgment of that same court. Thus, the appeal from the family court to the circuit court for a trial de novo should not have been transferred back to the family court.
Accordingly, we grant the writ of mandamus. Judge Ferguson of the Jefferson Circuit Court is directed to vacate his order transferring the cause to the Family Court of Jefferson County.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, and BUTTS, JJ., concur.
SEE, J., concurs in the result.
[1] The parties here make no issue concerning the jurisdiction of the juvenile court/family court.
[2] Until 1982, all appeals from juvenile court were to the circuit court. Ala. Code 1975, § 12-15-120. However, a 1982 amendment to Rule 20 of the Rules of Juvenile Procedure provided for the recording of testimony in the juvenile court. Rule 28 was amended at the same time to allow appeals directly to an appellate court when an adequate record existed.