MONROE, Judge.
The father, S.S., appeals from the trial court’s order awarding custody of the parties’ two minor children to the mother, T.R.A.
*720 Although the parties do not address this issue in their briefs, the trial court’s order shows that it expressly awarded the mother temporary custody. Indeed, the order of September 9,1997, states:
“It is therefore ORDERED, ADJUDGED AND DECREED by the court that the temporary care, custody and control of [the minor children] is hereby awarded to their mother....
“This matter is set for a review hearing on the 27th day of February, 1998 at 1:30 p.m. at which time the court will hear any relevant and material evidence which the parties may wish to offer with respect to the mother’s custody being made permanent.”
Although somewhat confusing, an order awarding “temporary” custody can be either a pendente lite order or a final order. As the Supreme Court has explained:
“Semantically, this entire matter would be simpler if all courts declined to use the phrase ‘temporary custody’ and simply used ‘pendente lite’ or ‘custody’ as the circumstances require.
“Pendente lite orders are generally entered only during the pendency of the litigation and are usually replaced by a final order or judgment that is entered at the end of the litigation. Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987). In custody situations, a pendente lite order clearly envisions continuing custody pending a later final determination of that custody dispute, whereas ‘custody awards’ are final and are generally intended to remain in effect until one of the parties succeeds in a petition requesting the court to modify its custody award. Sims, supra.”
Ex parte J.P., 641 So.2d 276, 278 (Ala.1994).
The only method of obtaining review of a pendente lite order is by petition for the writ of mandamus. Because the father did not seek a writ of mandamus, this appeal must be dismissed. B.W.C. v. State Department of Human Resources, 582 So.2d 579 (Ala.Civ.App.1991).
We note that the trial court scheduled a hearing for February 27, 1998, to determine whether the mother should be awarded permanent custody. We will not delve into the facts of this case in this opinion. However, we acknowledge that the trial court stated in its order that, although the mother had gone through some difficult times and had exhibited some questionable behavior in the past, she “deserves a chance to raise her children.” In addition, the court stated that the father “lacks the stability necessary to have custody of the children at this time.” Therefore, it appears that the purpose of the hearing set for February 1998 was to evaluate the success of the mother’s efforts to care for her children, as well as to evaluate the father’s success at gaining stability in his life. To analyze the correctness of the trial court’s pendente lite order would, at this point, be futile, because we do not know what has occurred since the order was entered, and because a permanent order should be forthcoming.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in result.