CRAWLEY, Judge.
J.O.J., Sr. (“the biological father”), and R.R. (“the mother”) had a five-year relationship; a child, J.O.J., Jr., was born of that relationship on June 14, 1994. Al *1282 though J.O.J. was named after his biological father, no father was listed on the birth certificate. The mother and the biological father resided together with the child for approximately five years; after that time, from what we can discern from the record, the child continued to reside with the biological father.
The biological father received public assistance from the State of Alabama, and, on September 26, 2000, the State and the father filed a complaint to determine paternity and to set child support. This petition was dismissed for failure of service. The mother filed, on April 6, 2001, a dependency petition in which she alleged that the child’s custody was the subject of controversy, that the child lived with the biological father, and that she wanted to have the child returned to her custody. The State and the biological father filed a second petition on July 30, 2001, to establish paternity and child support. The child-support case and the dependency case were consolidated.
The trial court awarded temporary custody of the child to the biological father on January 11, 2002. The case was set for another hearing on June 19, 2002, to finally decide the issue of custody. At that hearing, the mother argued that the juvenile court did not have jurisdiction to entertain the biological father’s request for a paternity determination because she was married to C.R. from September 1984 to May 2001, and the child was born during that period; thus, she said, pursuant to Ala.Code 1975, § 26-17-5(a)(l), C.R. was the presumed father and the biological father lacked standing to pursue his paternity claim. See Ex parte Presse, 554 So.2d 406 (Ala.1989). The juvenile court agreed, and it set aside its temporary order of custody and child support and dismissed the father’s petition. The father appealed to the Jefferson Circuit Court, which transferred the appeal to this court, pursuant to Rule 28(D), Ala. R. Juv. P., because, according to its transfer order, it concluded that only questions of law were involved and that, purportedly pursuant to Rule 28(A)(1)(b), Ala. R. Juv. P., this court had jurisdiction over the appeal.
Rule 28(A) addresses when an appeal directly to an appellate court is appropriate. Rule 28(A)(1)(a) permits a direct appeal to an appellate court if the record is certified as adequate and the right to a jury trial has either been exercised or waived by all parties. No certification that the record on appeal is adequate appears in the record; nor does a waiver of the right to a jury trial appear in the record. See B.T.D. v. T.L.C.H., 585 So.2d 96 (Ala.Civ.App.1991) (transferring appeal to the circuit court for a trial de novo where the record did not contain a waiver of the right to a jury trial in an appeal of a paternity proceeding pursuant to the Alabama Uniform Parentage Act).
Rule 28(A)(1)(b) permits a direct appeal to an appellate court when “[t]he parties stipulate that only questions of law are involved and the juvenile court certifies the questions.” The record does not contain a stipulation from the parties that only questions of law are involved in this case. Neither does the record contain a certification by the juvenile court of any questions of law. See W.R.C. v. State, 681 So.2d 1100, 1101 (Ala.Crim.App.1995) (transferring appeal to the circuit court for trial de novo because none of the requirements of either provision of Rule 28(A) was met). Instead, the record contains the circuit court’s determination in its transfer order that only questions of law are involved in this case. This court cannot accept jurisdiction over this appeal because none of the requirements of Rule 28(A) has been met. Therefore, we transfer this appeal to the Jefferson Circuit Court for appropriate *1283 disposition. See Rule 28(D), Ala. R. Juv. P.
APPEAL TRANSFERRED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.