This appeal arises from custody litigation between Claudia Blinn Trevino ("the mother") and Mark Kenneth Blinn ("the father"), who are the divorced parents of a minor child born in March 1995. The parties were divorced by the Dale Circuit Court in October 1999, and legal custody of the child was vested jointly in the parties, with primary physical custody being vested in the mother; the father was directed to pay child support to the mother and was awarded specified visitation with the child. The mother remarried in September 2001, and she and her new husband moved to Germany with the minor child, prompting the father to seek a modification of custody; the trial court denied the father's request to modify custody in May 2002, but it later adopted a new visitation schedule for the two-year period during which the mother, her new husband, and the child expected to live in Germany.
In March 2003, the father filed a second modification petition, alleging that the mother had failed or refused to comply with the trial court's amended visitation provisions and had limited the child's telephone contact with the father; the father contended that the mother's actions were detrimental to the best interests of the child and that the positive effects of changing *Page 359 
custody outweighed any detrimental effects of removing the child from his environment. The mother filed a motion to dismiss, which was denied; she then filed an answer, in which she denied the pertinent allegations of the father's petition and challenged the trial court's jurisdiction, as well as a counterclaim seeking a finding of contempt with respect to the father's alleged failure or refusal to pay child support.
Upon becoming aware that the mother had attempted to file a parallel custody proceeding in a German court in which she effectively sought the termination of his parental rights, the father filed a "motion for emergency relief" in which he averred that the mother would not allow the child to return to the United States and in which he requested that the trial court issue an order allowing the father to keep the child in the United States pending a final hearing. That motion was granted on August 5, 2003, and a further hearing was set for September 30, 2003.
After the September 30, 2003, hearing, the trial court issued an order on October 23, 2003, in which it found the actions of the mother to be "a threat to the lawful enforcement of its orders." The trial court found the mother to be in contempt "for her willful disobedience and resistance to th[e trial] court's orders regarding" custody and visitation, and it found the father to be in contempt for having willfully failed to pay child support. The trial court's order addressed the custody issue as follows:
 "2. The father shall have the temporary physical custody of the parties' minor child until the mother moves her permanent residence to the United States or until July 1, 2004, whichever shall first occur. Temporary custody in the father shall continue thereafter until the matter is brought before the court on motion of either party for an order of permanent custody.
 "3. Pending further orders the mother shall have visitation with the minor child in the United States at a reasonable place and time upon surrendering the child's passport to a neutral party, the court if necessary, to hold pending the visitation period."
In addition, the father's child-support obligation was prospectively terminated and the parties were directed to file income affidavits. The mother thereafter filed a "motion to reconsider" the order as it pertained to custody; the trial court denied that motion. The trial court ultimately amended its order by directing the mother to pay child support, and it then issued a "supplemental order" to include additional provisions required under the Alabama Parent-Child Relationship Protection Act, § 30-3-160 et seq., Ala. Code 1975.
The mother appealed. On appeal, she contends that the trial court erred in awarding custody to the father. In addition to addressing the merits of the trial court's custody award, the father contends that the mother's appeal should be dismissed because, he says, the trial court's October 23, 2003, order is not a final judgment as to custody.
We agree with the father that the trial court has not entered a final judgment with respect to custody. The trial court's order states that the father has been awarded temporary physical custody until July 1, 2004, at the latest; however, the trial court's order also provides that the father's temporary custody will continue after that date "until the matter is brought before the court on motion of either party for an order of permanent
custody" and that the mother shall have "reasonable" visitation with the child "[p]ending further orders" (emphasis added). The trial court has thus left the *Page 360 
parties' rights to custody and visitation for a final determination upon either party's filing a motion reviving the issue in that court.
The trial court's deferral of a final judgment concerning custody and visitation in this case is similar to what occurred in S.S. v. T.R.A., 716 So.2d 719 (Ala.Civ.App. 1998). InS.S., the trial court awarded temporary custody of the two minor children of the parties in that case to their mother, but it scheduled a review hearing at which, the trial court indicated, it would "`hear any relevant and material evidence which the parties may wish to offer with respect to the mother's custody being made permanent.'" 716 So.2d at 720. We dismissed the father's appeal from the trial court's order in that case as having been taken from a nonfinal judgment, reasoning:
 "Although somewhat confusing, an order awarding `temporary' custody can be either a pendente lite order or a final order. As the Supreme Court has explained:
 "`Semantically, this entire matter would be simpler if all courts declined to use the phrase "temporary custody" and simply used "pendente lite" or "custody" as the circumstances require.
 "`Pendente lite orders are generally entered only during the pendency of the litigation and are usually replaced by a final order or judgment that is entered at the end of the litigation. Sims v. Sims, 515 So.2d 1 (Ala.Civ.App. 1987). In custody situations, a pendente lite order clearly envisions continuing custody pending a later final determination of that custody dispute, whereas "custody awards" are final and are generally intended to remain in effect until one of the parties succeeds in a petition requesting the court to modify its custody award. Sims, supra.'"
716 So.2d at 720 (quoting Ex parte J.P., 641 So.2d 276, 278
(Ala. 1994)). Accord, B.W.C. v. State Dep't of Human Res.,582 So.2d 579, 580 (Ala.Civ.App. 1991) (dismissing grandparents' appeal where mother and father had sought permanent custody but trial court had awarded father only temporary custody and had stated that a permanent-custody award would later replace the temporary-custody award).
We are aware that the second sentence of paragraph 2 of the trial court's custody order provides that the temporary custody vested in the father "shall continue . . . until the matter is brought before the court on motion of either party for an order of permanent custody." That provision, however, does not create an ambiguity that would warrant remanding the case and delaying the trial court's resolution of the issue of permanent custody — an issue that, because the date is now after July 1, 2004, is now ripe for decision. First, the trial court itself has made a distinction in that provision between the current custody arrangement and a final, binding custody arrangement to be determined in the future. Also, the trial court directed either party to file a motion in the pending case in order to obtain a permanent custody order. Had the trial court truly intended to make a final award of custody on October 23, 2003, either it would have made no reference to how that custody determination could be revisited or it would have directed that the filing of a new petition for modification of custody, i.e., the initiation of a new case, was necessary. See Opinion of theClerk, 345 So.2d 1329, 1330 (Ala. 1977) (although "a proceeding to modify a final decree, such as a decree of divorce concerning . . . child custody on the basis of a change in circumstances," is a new case, a motion filed in a pending *Page 361 
case to alter the terms of a final decree is not a new case).
Moreover, we are not convinced that the decision in Rich v.Rich, 887 So.2d 289 (Ala.Civ.App. 2004) (in which two Judges concurred and one Judge concurred in the result), warrants a contrary conclusion. Unlike the judgment entered on August 21, 2001, by the trial court in Rich, the trial court's custody order in this case expresses no inclination "`to continue to use the less burdensome standard for custodial matters'" so as to indicate a potentially illegitimate desire to perpetually avoid finality. Rich, 887 So.2d at 300. Instead, the trial court's order in this case simply vests custody in the father until the mother has been allowed reasonable time to return to the United States, at which time the trial court will entertain a motion to finally adjudicate the father's petition, i.e., to award permanent custody. A petition for mandamus pursuant to Rule 21, Ala. R.App. P., and not an appeal, is the proper mechanism available to a party who deems himself or herself aggrieved by a pendente lite custody order such as the one entered in this case.S.S., 716 So.2d at 720.
Because the trial court has not entered a final judgment concerning the custody of the parties' child, we dismiss the mother's appeal. The father's request for an attorney-fee award on appeal is denied.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON, J., concur.
CRAWLEY, J., dissents, with writing.
MURDOCK, J., dissents, with writing, which CRAWLEY, J., joins.