Connie Sue Long Amberson ("the mother") and Michael W. Long ("the father") were divorced in 1996. The mother was awarded custody of the parties' child. The father petitioned for a modification of custody in April 2007. The trial court set the case for a pendente lite hearing on May 11, 2007; after numerous continuances, the hearing was held, without the parties, on July 3, 2007. The case-action-summary sheet reflects that "PDL set w/clients to be present 8-3-07 @ 9:00." The entry on the case-action-summary sheet on August 3, 2007, reads as follows:
 "Case called on Petition to Modify — PDL, as to child going to live w/ dad to attend school with special program. Also on Show Cause. Petition for Show Cause by mother — denied. Petition for Show Cause by dad, denied. Temporary Order of primary residence to be w/ dad, for dad to place child in special program in Shelby Co. School."
The mother filed a notice of appeal from that order on September 14, 2007.
The father argues on appeal that the order from which the mother appeals is a pendente lite custody order that will not support an appeal. He points out that the hearing was a pendente lite hearing and that the order does not address other issues raised in his modification petition, like child-support. The mother argues that the award is a "temporary custody award" and is a final and appealable judgment deciding the custody issue between the parties.
 "Although somewhat confusing, an order awarding `temporary' custody can be either a pendente lite order or a final order. As the Supreme Court has explained: *Page 1079 
 "`Semantically, this entire matter would be simpler if all courts declined to use the phrase "temporary custody" and simply used "pendente lite" or "custody" as the circumstances require.
 "`Pendente lite orders are generally entered only during the pendency of the litigation and are usually replaced by a final order or judgment that is entered at the end of the litigation. Sims v. Sims, 515 So.2d 1 (Ala.Civ.App. 1987). In custody situations, a pendente lite order clearly envisions continuing custody pending a later final determination of that custody dispute, whereas "custody awards" are final and are generally intended to remain in effect until one of the parties succeeds in a petition requesting the court to modify its custody award. Sims, supra.'"
 "Ex parte J.P., 641 So.2d 276, 278 (Ala. 1994)."
S.S. v. T.R.A., 716 So.2d 719, 720 (Ala.Civ.App. 1998).
The record reflects that the order awarding the father custody was, in fact, a pendente lite order. The case had been set only for a pendente lite hearing, no testimony was taken, the order does not resolve all the issues raised in the father's modification petition, and the order itself indicates that it is "PDL," which appears to be a reference to the term "pendente lite." Because review of pendente lite orders may be obtained only through a petition for a writ of mandamus, and because the mother did not seek a writ of mandamus, the mother's appeal must be dismissed. P.B. v. P.C., 946 So.2d 896, 898-99
(Ala.Civ.App. 2006); see also S.S., 716 So.2d at 720;B.W.C. v. State Dep't of Human Res., 582 So.2d 579, 580
(Ala.Civ.App. 1991); and Sizemore v. Sizemore,423 So.2d 239, 241 (Ala.Civ.App. 1982).
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.