On Application for Rehearing

THOMPSON, Presiding Judge.
The opinion of September 23, 2011, is withdrawn, and the following substituted therefor.
On February 2, 2010, Mac.M. (“the maternal grandfather”) and Mar.M. (“the maternal grandmother”) filed a petition alleging that A.J.C. (“the child”) was dependent as a result of the drug use of the child’s parents, J.D.C. (“the mother”) and T.C. (“the father”). The maternal grandpar *116 ents sought an award of custody of the child and an award of supervised visitation for the parents. The maternal grandparents also moved for an award of pendente lite custody of the child pending a determination on their dependency petition. On March 11, 2010, the juvenile court awarded the maternal grandparents pendente lite custody of the child. On March 23, 2010, the juvenile court entered another, more detailed order continuing the award to the maternal grandparents of pendente lite custody of the child and awarding the parents supervised visitation pending a later review hearing.[1]
On April 22, 2010, the child’s guardian ad litem filed a suggestion of death indicating that the mother had died. Shortly thereafter, the father filed a motion to modify the pendente lite award of supervised visitation. On June 9, 2010, the juvenile court entered another pendente lite order continuing custody of the child with the maternal grandparents and denying the father’s motion to modify the award of supervised visitation.
In August 2010, Th.C. and G.C., the child’s paternal grandparents, each moved to intervene in the dependency action, and each sought an award of visitation with the child. Their motions had not been ruled upon by the time the order at issue in this appeal was entered. C.C.S., the child’s paternal aunt, filed a statement in support of the father on a form designated as a “motion to intervene,” but the juvenile court denied that “motion” as not being, in substance, a motion to intervene.
On September 21, 2010, the juvenile court conducted an ore tenus hearing on the issue of the child’s dependency. Much of the evidence at that hearing focused on the maternal grandparents’ allegations that the father abused prescription medications and the father’s denial of those allegations. The juvenile court specified during the hearing that, as an initial matter, it would consider only evidence pertaining to the issue of the child’s dependency. After receiving such evidence, the juvenile court determined that the child was dependent, and it then offered to proceed to receive evidence pertaining to the disposition of the custody of the child. However, the maternal grandparents moved to continue the portion of the hearing pertaining to the disposition of the custody of the child. The juvenile court granted that motion and stated: “I’m going to probably do a pendente lite” order.
On September 22, 2010, the juvenile court entered an order finding the child dependent. The father appealed the September 22, 2010, order to this court.
Although none of the parties has addressed this court’s jurisdiction to consider this appeal, jurisdictional issues are of such importance that this court may take notice of them ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997). As explained in this opinion, we conclude that the September 22, 2010, order is not final and, therefore, that it cannot support the appeal. See Bacadam Outdoor Adver., Inc. v. Kennard, 721 So.2d 226, 229 (Ala.Civ.App.1998) (a nonfinal judgment will not support an appeal).
In this case, the juvenile court’s September 22, 2010, order was entered on a standardized form. On that form, the juvenile court placed a check mark to indicate that the “child [was] found dependent.” A *117 handwritten notation beside that determination states: “[At] time [oí] petition child was dependent pendente lite.” In the September 22, 2010, order, the juvenile court made the following factual determination:
“Court heard testimony as to dependency. After sworn testimony and evidence, the court hereby finds the child ... dependent due [to] inability to discharge parental responsibilities as to [the] child because of use of high amounts of pain medications and muscle relaxers.
“Motion to intervene by [the paternal grandfather was] not served on [the maternal grandparents]. Therefore, [the maternal grandparents’] motion to continue as to disposition is granted. Motions to intervene as to [the paternal grandfather] and [the paternal grandmother] to be heard on 10/12/2010 [at] 10:00 a.m. Pending hearing, [guardian ad litem] to inquire as to [the paternal grandparents] and [paternal aunt] as well as father [to] provide prescriptions.”
(Emphasis added.) At the bottom of the September 22, 2010, order is a handwritten notation by the juvenile court stating: “until 10/12/2010 as orders previously entered.”
This court has explained the circumstances under which a juvenile court’s order or judgment is sufficiently final to support an appeal:
“Although a juvenile court’s orders in a dependency case are, in one sense, never ‘final’ because the court retains jurisdiction to modify its orders upon a showing of changed circumstances, see C.L. v. D.H., 916 So.2d 622 (Ala.Civ.App.2005); Committee Comments, Rule 4, Ala.R.App. P., this court has always treated formal dependency adjudications as final and appealable judgments despite the fact that they are scheduled for further review by the juvenile court.”
D.P. v. Limestone Cnty. Dep’t of Human Res., 28 So.3d 759, 762 (Ala.Civ.App.2009) (holding that an order finding, with regard to the father, that reasonable efforts at reunification were no longer required of the Department of Human Resources was a permanency order that was sufficiently final to support an appeal; that order also expressly left in place previous awards of legal custody incident to dependency findings).
In J.J. v. J.H.W., 27 So.3d 519 (Ala.Civ.App.2008), this court held that an order finding a child dependent and awarding custody to one party was sufficiently final to support the appeal, even though further review of certain motions filed by the parties concerning visitation were scheduled for a later review hearing. This court noted that the order from which the appeal arose “indicates an intent to dispose of all other pending matters,” 27 So.3d at 521, and explained:
“Under our caselaw, a formal determination by a juvenile court of a child’s dependency coupled with an award of custody incident to that determination will give rise to an appealable final judgment even if the custody award is denominated as a ‘temporary’[2] award and further review of the ease is envisioned.”
*118 27 So.3d at 522 (emphasis added). See also E.D. v. Madison Cnty. Dep’t of Human Res., 68 So.3d 163, 167 (Ala.Civ.App.2010) (concluding that an order was sufficiently final to support an appeal when it “addressed, among other things, the disposition of the child pursuant to the juvenile court’s finding of dependency”).
In C.L. v. D.H., 916 So.2d 622 (Ala.Civ.App.2005), this court concluded that an initial custody order was a pendente lite order but that a subsequent order from which the appeal arose was sufficiently final to support the appeal. This court explained:
“A pendente lite order is one made pending the litigation. See Ex parte J.P., 641 So.2d 276 (Ala.1994) (custody case); Rich v. Rich, 887 So.2d 289 (Ala.Civ.App.2004) (plurality opinion) (discussing the definition and nature of a ‘pendente lite’ order in a custody case), quoted with approval in Hodge v. Steinwinder, [919] So.2d [1179, 1182-83] (Ala.Civ.App.2005); and Trevino v. Blinn, 897 So.2d 358, 360 (Ala.Civ.App.2004) (Crawley and Murdock, JJ., dissenting) (relied upon in Hodge v. Steinwinder, [919] So.2d [1179]). It is an order made pending the adjudication of the existing case, i.e., the extant facts. Id.
“It is true that the juvenile court entered a pendente lite order, but the order entered on May 28, 2004, was not it. The juvenile court entered a pendente lite order on January 9, 2004, awarding custody of the child pending the trial of the case. In that same order, the court set the trial for March 23, 2004. The court later reset the trial for May 7, 2004.
“After the parties had had the opportunity to conduct appropriate discovery and otherwise prepare for trial, the court conducted the scheduled trial, received the evidence pertinent to the issue of the child’s dependency, and heard the arguments of both parties. It thereupon found the child dependent and entered its May 28, 2004, judgment transferring primary physical custody of the child to the maternal grandmother....
“The setting of the case for a ‘review’ approximately four months later does not make the juvenile court’s May 28 judgment a pendente lite order. The juvenile court’s judgment does not indicate that the purpose of the September 2004 ‘review’ hearing would be to finish receiving evidence as to the extant facts as of May 2004. To the contrary, the record and the juvenile court’s May 28 judgment fully indicate that it had already heard that evidence and was entering a judgment based thereon. Instead, the judgment indicates that the juvenile court would at its ‘review’ consider a modification of the custody of the child based on whatever new facts might come into existence between the time the juvenile court entered its judgment on May 28, 2004, and the scheduled ‘review' on September 15, 2004. Cf. Hodge v. Steinwinder, [919] So.2d [1179] (holding that the issue of the finality of an order in a child-custody case was controlled by the fact that the trial court’s judgment was final as to the facts presented at trial and would only be modified in the event that new facts subsequently developed justifying a modification of that judgment).
“In other words, the setting of the September ‘review’ hearing was not a function of a need for the parties to complete the gathering and presentation to the court of the evidence of the facts already in existence. The court’s expressed willingness to consider a change in the custodial placement of the child was made in contemplation of new facts — i.e., developments in the lives of the mother and the child and their rela *119 tionship that might occur after the court entered its order.
[[Image here]]
“Consistent with the well-established principle that an adjudication of dependency and an accompanying custodial placement of a child in a dependency proceeding is an appealable order, the juvenile court in the present case stated in its May 28, 2004, judgment that ‘any party may appeal this decision within 14 days.’ The juvenile court was right. We therefore proceed to consider this appeal on its merits.”
916 So.2d at 624-26 (second emphasis added).
In this case, at the close of the September 21, 2010, hearing, the juvenile court expressly stated that it did not intend to determine the issue of the disposition of the child at that time. The juvenile court’s subsequent order, entered on September 22, 2010, was not final because it did not contain a dependency finding “coupled with an award of custody incident to that determination.” J.J. v. J.H.W., 27 So.3d at 522. The only portion of the September 22, 2010, order that could be said to address custody is the handwritten provision: “until 10/12/2010 as orders previously entered.” Thus, the juvenile court left in place its award of pendente lite custody of the child to the maternal grandparents. We therefore conclude that the September 22, 2010, order was an interlocutory order not capable of supporting the father’s appeal.
We note that the appropriate method of seeking appellate review of an interlocutory order is the filing of a petition for a writ of mandamus. The father has not sought mandamus relief in this court. See G.B. v. State Dep’t of Human Res., 959 So.2d 1116 (Ala.Civ.App.2006) (parents did not seek a writ of mandamus pertaining to a nonfinal order, and, therefore, the appeal was dismissed); and Amberson v. Long, 998 So.2d 1078, 1079 (Ala.Civ.App.2008) (same). Further, the juvenile court indicated that it intended to receive certain additional evidence at another hearing. Therefore, it appears that, under the facts of this case, review by way of a petition for a writ of mandamus might even be premature.
The dissent asserts that recent changes in the current Alabama Juvenile Justice Act (“the new AJJA”), § 12-15-101 et seq., Ala.Code 1975, which replaced the former Alabama Juvenile Justice Act (“the former AJJA”), former § 12-15-1 et seq., Ala.Code 1975, as of January 1, 2009, indicate that this court may consider appeals from nonfinal orders; the dissent relies on differences between the former AJJA and the new AJJA as support for that contention. The section of the former AJJA that, according to its title, authorized appeals of juvenile court “judgments, orders, etc.,” provided for an appeal of a “final order, judgment or decree of the juvenile court” to the circuit court for a trial de novo, and it set forth a detailed procedure for such appeals. Former § 12-15-120, Ala.Code 1975 (amended and renumbered as § 12-15-601, Ala.Code 1975). The new AJJA also contains a provision authorizing appeals from the juvenile court; section. 12-15-601, Ala.Code 1975, provides:
“A party, including the state or any subdivision of the state, has the right to appeal a judgment or order from any juvenile court proceeding pursuant to this chapter. The procedure for appealing these cases shall be pursuant to rules of procedure adopted by the Supreme Court of Alabama. All appeals • from juvenile court proceedings pursuant to this chapter shall take precedence over all other business of the court to which the appeal is taken.”
*120 The dissent relies on the portion of § 12-15-601 that provides for “the right to appeal a judgment or order” from a juvenile court to assert that, “by deleting [from former § 12-15-120] the word ‘final,’ the legislature intended to change the law so as to allow appeals from orders entered by the juvenile court that do not completely end the proceedings.” 96 So.3d at 122 (Moore, J., dissenting). However, a fundamental rule in construing a statute in order to effect the intent of the legislature is that the statute as a whole be examined, rather than “ ‘ “ ‘isolated phrases or clauses.’ ” ’ ” Fluker v. Wolff, 46 So.3d 942, 953 (Ala.2010) (quoting Bright v. Calhoun, 988 So.2d 492, 497 (Ala.2008), quoting in turn City of Bessemer v. McClain, 957 So.2d 1061, 1074 (Ala.2006), quoting in turn Darks Dairy, Inc. v. Alabama Dairy Comm’n, 367 So.2d 1378, 1380 (Ala.1979)). Moreover, “[t]he Legislature is presumed to be aware of existing law and judicial interpretation when it adopts a statute.” Carson v. City of Prichard, 709 So.2d 1199, 1206 (Ala.1998).
In making its argument, the dissent fails to recognize the new AJJA’s requirement that the rules of procedure adopted by the Alabama Supreme Court shall govern the procedure for appeals from the juvenile court. See § 12-15-601 (“The procedure for appealing these cases shall be pursuant to rules of procedure adopted by the Supreme Court of Alabama.”). Those rules of procedure referenced in § 12-15-601 include Rule 4(a)(1), Ala. R.App. P. (providing for an appeal within 14 days of “any final order or judgment issued by a juvenile court”), and Rules 20 and 28, Ala. R. Juv. P., discussed below.
In 1982, several years after the enactment of former § 12-15-120, our supreme court amended Rule 20, Ala. R. Juv. P., and Rule 28, Ala. R. Juv. P.; those amendments allowed direct appeals to an appel-
late court from a juvenile court when an adequate record of the juvenile court’s proceedings existed. See Comment to Amendment Effective November 15, 1985, Rule 28, Ala. R. Juv. P.; Wright v. Montgomery Cnty. Dep’t of Pensions & Sec., 423 So.2d 256, 256-57 (Ala.Civ.App.1982) (“Rule 20 requires each juvenile proceeding to be recorded so that a record of the proceedings can be made for appeal. This makes it unnecessary to first appeal to the circuit court for a trial de novo as was done before the [1982] amendments.”); see also Ex parte Webb, 843 So.2d 127, 129-30 (Ala.2002) (recognizing the amendment to Rule 28 as authorizing direct appeals from the juvenile court to an appellate court); and Ex parte State, 700 So.2d 1369, 1371 n. 2 (Ala.1997) (“Until 1982, all appeals from juvenile court were to the circuit court. Ala.Code 1975, § 12-15-120. However, a 1982 amendment to Rule 20 of the Rules of Juvenile Procedure provided for the recording of testimony in the juvenile court. Rule 28 was amended at the same time to allow appeals directly to an appellate court when an adequate record existed.”). In addition to providing for the procedure for appeals of “final orders, judgments, or decrees” of the juvenile court, the 1982 amendments to Rule 28, Ala. R. Juv. P., encompassed many of the provisions of former § 12-15-120 with regard to the procedure for appeals from a juvenile court to a circuit court. Compare Rule 28, Ala. R. Juv. P., and former § 12-15-120 (amended and renumbered as § 12 — 15— 601, Ala.Code 1975). Our appellate courts have recognized that Rule 28, Ala. R. Juv. P., governs the procedure for appeals from the juvenile court. Ex parte Webb, supra; Ex parte State, supra; see also G.H. v. Cleburne Cnty. Dep’t of Human Res., 62 So.3d 540, 541 (Ala.Civ.App.2010) (“because the juvenile-court judge certified the record as adequate for appellate review, we have appellate jurisdiction pursuant to *121 Rule 28(A)(1), Ala. R. Juv. P.”); and In re 860 So.2d 1281 (Ala.Civ.App.2003) (discussing Rule 28, Ala. R. Juv. P.). In Wright v. Montgomery County Department of Pensions & Security, 423 So.2d at 257, this court observed that “[R]ule 28 supersedes Ala.Code [1975, former] § 12-15-120. Rule 28 now governs appellate procedure from juvenile court.”
The enactment of the new AJJA did not alter the procedure, set forth in the court rules adopted by our supreme court, by which appeals from the juvenile court are taken. The legislature, in enacting § 12-15-601, provided for an appeal of a “judgment or order” of the juvenile court, but it specified that such an appeal remains governed by the procedure established by the rules adopted by the supreme court, such as Rule 28, Ala. R. Juv. P. The legislature is presumed to know of the supreme court’s enactment of Rule 28, Ala. R. Juv. P., as well as the appellate courts’ interpretations of that rule as governing appeals from juvenile courts and allowing direct appeals of final orders and judgments of the juvenile court to an appellate court. Carson v. City of Prichard, supra. There is no indication in the new AJJA that the legislature intended to modify the procedure set forth in the Rules of Juvenile Procedure or to create a right of appeal of nonfinal orders of the juvenile courts.[3] Construing § 12-15-601 as a whole, see Fluker v. Wolff, supra, it is clear that the legislature, in enacting the new AJJA, did not alter the procedure for appeals from the juvenile court to allow for appeals from nonfinal orders of the juvenile court; rather, it left in place the well established procedure by which final orders and judgments of the juvenile court may be appealed. Thus, Rule 28, Ala. R. Juv. P., continues to govern the detailed procedure for appeals from the juvenile court, and that rule expressly authorizes appeals only from “final orders, judgments, or decrees of the juvenile court.”[4]
We conclude that the enactment of the new AJJA did not alter the law that appeals from a juvenile court must be from *122 a judgment or an order that is sufficiently final to support an appeal. The September 22, 2010, order at issue in this appeal is not such an order. Accordingly, we dismiss the appeal as having been taken from a nonfinal judgment. However, on remand, the juvenile court is instructed to conduct, as expeditiously as possible, the dispositional portion of the dependency hearing and enter a judgment on the evidence adduced at that proceeding.
APPLICATION FOR REHEARING OVERRULED; OPINION OF SEPTEMBER 23, 2011, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
PITTMAN and THOMAS, JJ., concur.
MOORE, J., dissents, with writing, which BRYAN, J., joins.

. Although the March 23, 2010, order purports to award the maternal grandparents "custody” of the child, it is clear from subsequent orders scheduling a dependency hearing and from the juvenile court's comments during the dependency hearing that the March 23, 2010, order was a pendente lite custody order.

. A "temporary” custody award, as opposed to a pendente lite custody award, will support an appeal. See Ex parte J.P., 641 So.2d 276, 278 (Ala.1994) (explaining the difference between “temporary” custody awards and pen-dente lite custody awards and stating that "the language used by the courts can be confusing, especially the language speaking of a temporary award of custody as a final order, as opposed to a pendente lite order, which is not a final order”); see also T.J.H. v. S.N.F., 960 So.2d 669, 672 (Ala.Civ.App.2006) (same).

. Section § 12-15-601 also provides that "appeals from juvenile court proceedings ... shall take precedence over all other business of the court to which the appeal is taken.” That provision, together with the Rules of Juvenile Procedure providing shortened time limitations for the consideration of post-judgment motions and for taking an appeal in juvenile cases, are designed to hasten the progress of appeals in juvenile cases, which is consistent with the goal of the new AJJA to reunite parents and children as quickly as possible. See § 12-15-101, Ala.Code 1975. Allowing appeals from nonfinal orders, as the dissent advocates, would slow the resolution of juvenile cases. Further, it is foreseeable that a party could appeal every nonfinal order as a dilatory tactic to divest the juvenile court of jurisdiction and impede its ability to act while the matter is on appeal. See R.H. v. J.H., 778 So.2d 839, 841-42 (Ala.Civ.App.2000) (a notice of appeal from a nonfinal order divested the juvenile court of jurisdiction to enter further orders in the action, so subsequent orders were nullities).

. Rule 28, Ala. R. Juv. P., states, in pertinent part:
"(A) Direct Appeals to Appellate Courts.
"(1) Appeals from final orders, judgments, or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
"[Listing requirements for appeal to appellate court.]
"(2) If the appeal provided in this subsection is taken from a final order, judgment, or decree in a case or proceeding arising out of the jurisdiction of the juvenile court over a child ... the appropriate appellate court for purposes of appeal shall be[, depending on the circumstances, either the Court of Criminal Appeals or the Court of Civil Appeals].
"(B) Appeals to Circuit Court. Appeals from final orders, judgments, or decrees in all other cases ... shall be to the circuit court for trial de novo.... ”