MOORE, Judge,
dissenting.
I respectfully dissent.
T.H., the mother, appeals from a July 15, 2011, judgment of the Jefferson Juvenile Court (“the juvenile court”) refusing to return to her the custody of four of her children on the ground of their continuing dependency. In the main opinion, a majority of this court dismisses the appeal because the juvenile court failed to adjudicate a claim for child support filed by the Jefferson County Department of Human Resources (“DHR”). However, as I explained at length in my dissent in T.C. v. Mac.M., 96 So.3d 115, 122 (Ala.Civ.App.2011), § 12-15-601, Ala.Code 1975, specifically allows appeals from “a judgment or order from any juvenile court proceeding,” regardless of whether that judgment or order may be considered a final adjudication of all the issues between the parties. 96 So.3d at 122 (Moore, J., dissenting).[3] Thus, I cannot agree that this appeal should be dismissed based on the lack of finality of the July 15, 2011, judgment.
Additionally, I note that DHR filed its original dependency petitions on February 25, 2009. At that time, as it still does today, § 12-15-314(e), Ala.Code 1975, provided that “[a]ny petition alleging dependency of a child filed by the Department of Human Resources shall contain a request for child support.” Despite that mandate, DHR did not request child support until November 5, 2010, after the children had been in foster care for almost two years. On January 5, 2011, the juvenile court specifically notified the parties that the child-support claim would be tried in February 2011. The juvenile court issued its judgment four months after the conclusion of the trial, only then notifying the parties that the amount of child support would be determined after the mother produced additional evidence of her income.[4] The mother filed her notice of appeal on July 22, 2011. All told, over 3 years have passed since DHR filed the original dependency petitions; over 17 months have passed since DHR first formally requested child support; and over 8 months have passed since the juvenile court notified the parties that it would decide the issue of the amount of child support at a later time. This court is now dismissing the mother’s appeal to allow the juvenile court to complete that task. Meanwhile, four children languish in foster care with no resolution as to the basic underlying question of whether they should even be there.
*587 I believe the legislature removed the finality requirement from § 12-15-601 specifically to prevent an outcome like the one in the present case. The legislature obviously recognized that juvenile courts routinely make decisions affecting the fundamental rights of families in this state that demand immediate appellate review. T.C., 96 So.3d at 123 (Moore, J., dissenting). The review of a judgment that prevents the return of four children from state-sponsored foster care to their natural mother should not be delayed for such technicalities as a failure to adjudicate the amount of child support to be paid by the mother to DHR; the child-support claim would be irrelevant if this court reversed the dependency judgment. Even if the judgment was affirmed, the separate issue of child support would not affect our decision on the matter at issue on appeal one way or the other, and, under § 12-15-314(e), any party aggrieved by the child-support calculation could appeal that order separately, after the custody of the children has already been settled. At least I believe that is the intent of the legislature.
Section 12-15-315, Ala.Code 1975, requires juvenile courts to decide the permanent custodial disposition of children within 12 months of the date they enter out-of-home care. The legislature intended by that provision to shorten, to the extent possible, the length of time children spend in foster care facing indeterminate prospects as to their custodial future. M.A.J. v. S.F., 994 So.2d 280, 290-91 (Ala.Civ.App.2008) (noting that time limitations were enacted to comply with federal Adoption and Safe Families Act, 42 U.S.C. § 671 and § 675). The public policy of this state requires expedited resolution of controversies regarding whether children should remain in foster care and under what conditions they shall be removed from foster care. I can conceive of no public policy advanced by the holding in T.C. that would outweigh those considerations, and, as illustrated by this particular case, I can foresee only continued destruction of the substantive goals of the Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala.Code 1975, by applying T.C.
BRYAN, J., concurs.

. On January 11, 2012, our supreme court granted T.C.’s petition for a writ of certiorari; that court has not yet issued a ruling in the case.

. The only issue left undetermined was the amount of child support payable to DHR. The juvenile court had long before ordered the mother to pay voluntary child support, and its July 15, 2011, order maintained that requirement.