BOLIN, Justice.
We granted T.C.’s writ of certiorari to review an issue of first impression, the interpretation of § 12-15-601, Ala.Code 1975, a part of the 2008 Alabama Juvenile Justice Act, which became effective January 1, 2009 (“the 2008 AJJA”). Specifically, the question is whether the 2008 AJJA provides for an appeal from an interlocutory order.
On February 2, 2010, Mac. M. (“the maternal grandfather”) and Mar. M. (“the maternal grandmother”) (collectively “the maternal grandparents”) filed a petition alleging that A.J.C. (“the child”) was dependent as a result of the drug use of the child’s parents, J.D.C. (“the mother”) and T.C. (“the father”). The maternal grandparents sought custody of the child and supervised visitation for the parents. The *125 maternal grandparents also moved for an award of pendente lite custody of the child pending a determination on their dependency petition. On March 11, 2010, the juvenile court issued an order awarding the maternal grandparents pendente lite custody of the child and ordering the Department of Human Resources to complete home studies on both the parents and the maternal grandparents. The mother was allowed supervised visitation, and an attorney was appointed to represent her. On March 23, 2010, the trial court held a preliminary hearing. On March 25, 2010, the juvenile court entered another more detailed order continuing the award of pendente lite custody of the child to the maternal grandparents and awarding the mother and the father supervised visitation pending a hearing on dependency. An attorney was appointed to represent the father. On April 22, 2010, the child’s guardian ad litem filed a suggestion of death indicating that the mother had died. Shortly thereafter, the father filed a motion to modify the supervised-visitation award in the juvenile court’s March 25 order. On June 10, 2010, the juvenile court entered another pendente lite order continuing custody of the child with the maternal grandparents and denying the father’s motion to modify that aspect of the order awarding supervised visitation.
In August 2010, Th. C and G.C., the child’s paternal grandparents, each moved to intervene in the dependency action, and each sought visitation with the child. The juvenile court had ruled on their motions at the time the order at issue in this appeal was entered. C.C.S., the child’s paternal aunt, filed a statement in support of the father on a form designated as a “motion to intervene,” but the juvenile court denied that “motion” as not being, in substance, a motion to intervene.
On September 21, 2010, the juvenile court conducted an ore tenus hearing on the issue of the child’s dependency. The hearing focused on the maternal grandparents’ allegations that the father abused prescription medications and that he was unable to care for the child. The juvenile court specified during the hearing that, as an initial matter, it would consider evidence pertaining only to the issue of the child’s dependency. After receiving such evidence, the juvenile court determined that the child was dependent, and it then offered to receive evidence pertaining to the issue of the custody of the child. However, the maternal grandparents moved to continue the portion of the hearing pertaining to custody because they had not been served with the motion to intervene filed by the paternal grandfather. The juvenile court granted that motion and stated: “I’m going to probably do a pen-dente lite” order.
On September 22, 2010, the juvenile court entered an order finding the child dependent based on the father’s use of high amounts of prescription pain medication and his inability to discharge his parental responsibilities. The order was entered on a standardized form, and, on that form, the juvenile court placed a check mark to indicate that “the child [was] found dependent.” A handwritten notation beside that determination states: “[At] time [of] petition child was dependent pendente lite.” In the September 22, 2010, order, the juvenile court stated:
“Court heard testimony as to dependency. After sworn testimony and evidence, the court hereby finds the child ... dependent due [to] inability to discharge parental responsibilities as to [the] child because of use of high amounts of pain medications and muscle relaxers.
*126 “Motion to intervene by [the paternal grandfather was] not served on [the maternal grandparents]. Therefore, [the maternal grandparents’] motion to continue as to disposition is granted. Motions to intervene as to [the paternal grandfather] and [the paternal grandmother] to be heard on 10/12/2010 [at] 10:00 a.m. Pending hearing, [guardian ad litem] to inquire as to [the paternal grandparents] and [paternal aunt] as well as father [to] provide prescriptions.”
(Emphasis added.) At the bottom of the September 22, 2010, order is another handwritten notation by the juvenile court stating: “until 10/12/2010 as ordered as previously entered.”
The father timely appealed the September 22, 2010, order to the Court of Civil Appeals. That court dismissed the appeal as being from a nonfinal judgment. The father moved to set aside the dismissal, and his motion was granted. In its subsequent opinion, a majority of the Court of Civil Appeals held that the juvenile court’s September 22, 2010, order was a nonfinal judgment that would not support an appeal. T.C. v. Mac. M., 96 So.3d 115 (Ala.Civ.App.2011). The father then sought certiorari review from this Court on the ground that the case presented an issue of first impression as to the interpretation of § 12-15-601 and on the ground that the Court of Civil Appeals’ opinion conflicted with caselaw; both grounds concerned the issue whether the juvenile court’s September 22, 2010, order was a final order.[1] We granted certiorari review solely on the ground of first impression.

Analysis

Section 12-15-601, Ala.Code 1975, a part of the 2008 AJJA, provides:
“A party, including the state or any subdivision of the state, has the right to appeal a judgment or order from any juvenile court proceeding pursuant to this chapter. The procedure for appealing these cases shall be pursuant to rules of procedure adopted by the Supreme Court of Alabama. All appeals from juvenile court proceedings pursuant to this chapter shall take precedence over all other business of the court to which the appeal is taken.”
The former AJJA, § 12-15-1 et seq., Ala.Code 1975, became effective in 1977. It governed “the care, protection, and discipline of children who came within the jurisdiction of the juvenile court, while acknowledging the responsibility of the juvenile court to preserve the public peace and security.” § 12-15-1.1, Ala.Code 1975 (amended and renumbered as § 12-15-101, Ala.Code 1975). The former AJJA, like the 2008 AJJA, governed both juvenile delinquency (criminal in nature) and the dependency of children (civil in nature). *127 Section 12-15-120 of the former AJJA (amended and renumbered as § 12-15-601 by the 2008 AJJA) regarding appeals provided:
“(a) An aggrieved party, including the state or any subdivision of the state, except in criminal cases, delinquency cases and in need of supervision cases, may appeal from a final order, judgment or decree of the juvenile court to the circuit court by filing written notice of appeal -within 14 days after the entry of the order, judgment or decree. All appeals under this chapter shall take precedence over all other business of the court to which the appeal is taken.
“(b) Upon appeal, the circuit court shall try the case de novo and shall proceed to render such judgment as is otherwise provided for by law in such cases.
“(c) Upon the rendition of such judgment, the circuit court shall cause to be filed with the juvenile court a copy of its judgment which shall thereupon become the judgment of the juvenile court. If the circuit court does not dismiss the proceedings and discharge the child, it shall remand the child to the jurisdiction of the juvenile court for supervision and care under the terms of the judgment of the circuit court, and thereafter the child shall be and remain under the jurisdiction of the juvenile court in the same manner as if the juvenile court had rendered the judgment in the first instance.
“(d) The appeal shall not stay the order, judgment or decree appealed from but the circuit court may otherwise order, on application and hearing consistent with this chapter, if suitable provision is made for the care and custody of the child. If the order, judgment or decree appealed from grants the custody of the child to or withholds it from one or more of the parties to the appeal, it shall be heard at the earliest time practicable.
“(e) When a case has been entrusted to the circuit court docket in the first instance as provided in Section 12-15-3, appeal shall lie therefrom in conformance with procedures promulgated by the Supreme Court.”
In short, under the former AJJA proceedings in the juvenile court were not recorded; therefore, a trial de novo in the circuit court was necessary so that a record could be prepared for an appellate forum. To address that situation, this Court, in 1982, amended Rule 20, Ala. R. Juv. P., and Rule 28, Ala. R. Juv. P. Rule 20 was amended to require all juvenile court proceedings to be recorded so that a record of the proceedings could be preserved for appeal. Rule 28 was amended to provide for appeals from the juvenile court to the appropriate appellate court. As we noted in the comments to subsequent amendments to Rule 28, the purpose of amending Rule 20 and Rule 28 was to reconcile former § 12-15-120 and § 12-11-30(3) (which provided, respectively, that appeals from the juvenile court were to the circuit court for a trial de novo and that the circuit courts exercised appellate jurisdiction over district court juvenile cases) with § 12-12-72 (which provided that appeals shall lie directly from the district court to the appropriate appellate court in certain instances). See Comment to Amendment Effective November 15, 1985, Rule 28, Ala. R. Juv. P. “Until 1982, all appeals from juvenile court were to the circuit court. Ala.Code 1975, § 12-15-120. However, a 1982 amendment to Rule 20 of the Rules of Juvenile Procedure provided for the recording of testimony in the juvenile court. Rule 28 was amended at the same time to allow appeals directly to the appellate court when an adequate record *128 existed.” State ex rel. S.L. v. S.W., 700 So.2d 1369, 1371 n.2 (Ala.1997).
The 2008 AJJA revised, reorganized, and repealed parts of the former AJJA. The 2008 AJJA also amended and renumbered the provisions of the 1984 Child Protection Act (former § 26-18-1 et seq., Ala.Code 1975), which governed actions pertaining to the termination of parental rights. In 2009, this Court amended the Alabama Rules of Juvenile Procedure to be consistent with the 2008 AJJA. We note that Rule 28, Ala. R. Juv. P., which provides for direct appeals to an appellate court “from final orders, judgments, or decrees of the juvenile court,” was amended to the extent that Code sections referenced in the rule would be consistent with 2008 AJJA.
The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute being construed. League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). “In construing the statute, this Court should gather the intent of the legislature from the language of the statute itself, if possible.... We may also look to the reason and necessity for the statute and the purpose sought to be obtained by enacting the statute.” Pace v. Armstrong World Indus., Inc., 578 So.2d 281, 283 (Ala.1991).
“If possible, the intent of the legislature should be gathered from the language of the statute itself. However, if the statute is ambiguous or uncertain, the Court may consider conditions that might arise under the provisions of the statute and examine the results that will flow from giving the language in question one particular meaning rather than another.”
Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301, 1305 (Ala.1991).
Section 12-15-601 of the 2008 AJJA comprises three sentences. The father argues that the legislature’s omission of the word “final,” which was in former § 12-15-120, from § 12-15-601 allows appeals from interlocutory orders. For the reasons set out below, we disagree. The first sentence of § 12-15-601 provides for an appeal of “a judgment or order from any juvenile court proceeding pursuant to this chapter.” (Emphasis added.) Its predecessor, former § 12-15-120, provided for appeals in juvenile court cases except in “criminal cases, delinquency cases and in need of supervision cases.” Clearly, by amending the language of § 12-15-120, the legislature intended to allow an appeal from “any juvenile proceeding,” including criminal cases, delinquency cases, and children-in-need-of-supervision cases. Nothing indicates that allowing an appeal from “any juvenile court proceeding” would allow an appeal from an interlocutory order.
The second sentence of § 12-15-601 provides that “[t]he procedure for appealing these cases shall be pursuant to rules of procedure adopted by the Supreme Court of Alabama.” As noted earlier in the opinion, former § 12-15-120 provided for an appeal to the circuit court for a trial de novo so that a record could be made and then an appeal from the circuit court would “lie therefrom in conformance with procedures promulgated by the Supreme Court.” Subsequently, this Court amended the Alabama Rules of Juvenile Procedure to provide for a record to be made in the juvenile court so that a direct appeal could be had to the appellate court. Those amendments to the Rules of Juvenile Procedure did away with the requirement that the circuit court conduct a trial de novo on the same facts as heard by the juvenile court for the sole purpose of making a record for appeal, and the amendments further shortened the time for appellate review. This is consistent with the goal of both the former AJJA and the 2008 AJJA *129 in reuniting parents and children as quickly as possible. As the Court of Civil Appeals stated in its opinion dismissing the father’s appeal: “[T]he legislature, in enacting the [2008] AJJA, did not alter the procedure for appeals from the juvenile court to allow for appeals from nonfinal orders of the juvenile court; rather, it left in place the well established procedure by which final orders and judgments of the juvenile court may be appealed. Thus, Rule 28, Ala. R. Juv. P., continues to govern the detailed procedure for appeals from the juvenile court, and that rule expressly authorizes appeals only from ‘final orders, judgments, or decrees of the juvenile court.’ ” 96 So.3d at 115.
The third sentence of § 12-15-601 provides that “[a]ll appeals from juvenile court proceedings ... shall take precedence over all other business of the court to which the appeal is taken.” Similarly, former § 12-15-120 also provided that appeals from juvenile court proceedings take precedence over the other business of the court to which the appeal is taken. It is clear from the former AJJA, the 2008 AJJA, and the Alabama Rules of Juvenile Procedure that, in resolving issues involving juveniles, time is of the essence.
The present case involves an interlocutory appeal from an order finding a child to be dependent. The 2008 AJJA provides for an adjudicatory hearing in a dependency case followed by a dispositional hearing, at which the juvenile court determines the custodial arrangement that would be in the child’s best interest. See § 12-15-310 and § 12-15-311, Ala.Code 1975. Similarly, the former AJJA also provided for an adjudicatory phase and a dispositional phase in dependency cases. See former § 12-15 — 65(f) and § 12-15-71, Ala.Code 1975; see also F.G.W. v. S.W., 911 So.2d 1 (Ala.Civ.App.2004) (Murdock, J., dissenting)(diseussing the standards of review applicable to the adjudicatory phase and to the dependency phase of a dependency proceeding). The dissent to the Court of Civil • Appeals’ opinion in this case by Judge Moore aptly notes that a finding of dependency impacts a parent’s fundamental rights. However, we cannot presume that by the omission of the word “final” from § 12-15-601, the legislature intended to provide for an appeal from a finding of dependency when it followed that omission with a reference to the rules of procedure promulgated by this Court, as discussed above. Clearly, the legislature inserted no language in § 12-15-601 limiting interlocutory appeals to findings of dependency, and if we were to conclude that the legislature was providing for appeals of all interlocutory orders in juvenile proceedings, those appeals would include orders setting hearings and trials, discovery, venue, and numerous other orders that are routinely entered by juvenile courts, along with other nonfinal orders entered in juvenile proceedings, which would include, but certainly not be limited to, orders in delinquency cases, probable-cause orders in juvenile involuntary commitments, and detainment orders. As the Court of Civil Appeals points out, allowing appeals from nonfinal orders would slow the resolution of juvenile cases, and it is forseeable that a party could appeal every adverse nonfinal order as a dilatory tactic. Generally, delaying juvenile proceedings for interlocutory appeals would be counter to a juvenile’s best interest. Had the legislature intended to provide for appeals from an order finding a child dependent, it could have easily done so without the unintended consequences of allowing all nonfinal orders in juvenile cases to be appealable. Accordingly, we do not interpret the omission of the word “final” from § 12-15-601 as indicating an intent on the part of the legislature to allow every interlocutory juvenile court order to be appealable. We also *130 note that unlike other civil cases, dependency and termination-of-parental-rights proceedings may involve multiple “final” appealable orders before the juvenile case is closed. For example, temporary custody orders are treated as final, appealable orders. See, e.g., C.L. v. D.H., 916 So.2d 622 (Ala.Civ.App.2005) (holding that order awarding maternal grandmother primary physical custody of a child in a dependency case was a final appealable order as opposed to a pendente lite order). Therefore, when the legislature enacted the 2008 AJJA (revising, reorganizing, and repealing parts of the former AJJA) it may not have referred to the right to appeal from a “final” judgment or order, but merely referred to the right to appeal a judgment or order. That language choice, however, does not reflect the legislature’s intent to make all orders in juvenile proceedings appealable. Accordingly, we affirm the Court of Civil Appeals’ judgment dismissing the father’s appeal as being from a nonfinal judgment.
AFFIRMED.
MALONE, C.J., and WOODALL, STUART, PARKER, SHAW, MAIN, and WISE, JJ., concur.
MURDOCK, J., concurs specially.

. The juvenile court expressly stated at the hearing on September 21, 2010, that it did not intend to determine the issue of the disposition of the child and further stated that it "would probably do a pendente lite” order. On September 22, 2010, the juvenile court entered an order finding the child dependent but leaving in place its award of pendente lite custody of the child with the maternal grandparents. An order is sufficiently final to support an appeal when it addresses the disposition of the child pursuant to the finding of dependency. See J.J. v. J.H.W., 27 So.3d 519, 522 (Ala.Civ.App.2009) ("[A] formal determination by a juvenile court of a child’s dependency coupled with an award of custody incident to that determination will give rise to an appealable final judgment.... ”). Cf. Ex parte J.P., 641 So.2d 276, 278 (Ala.1994) (explaining the difference between a "temporary” custody award and a pendente lite award and stating that "the language used by the courts can be confusing, especially the language speaking of a temporary award of custody as a final order, as opposed to a pendente lite order, which is not a final order”).